In the

# United States Court of Appeals
### For the Seventh Circuit

No. 04-1497

EULAH WILLIAMS,

*Plaintiff-Appellant,*

*v.*

JOHN LAMPE and VILLAGE OF
CAHOKIA POLICE DEPARTMENT,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 03 C 551—**David R. Herndon**, *Judge.*

ARGUED DECEMBER 15, 2004—DECIDED MARCH 1, 2005

Before BAUER, COFFEY and SYKES, *Circuit Judges.*

PER CURIAM. On September 22, 2000, Eulah Williams filed a complaint in Illinois state court alleging state-law tort claims against the Village of Cahokia, Illinois, and Cahokia Police Officer John Lampe for injuries that Lampe allegedly inflicted on September 25, 1998, almost two years before. The defendants answered an amended version of the complaint, failing to raise any affirmative defenses. Nevertheless, almost two years later they moved to dismiss on the ground that the claims were barred by a one-year statute of limitations. With leave of court, Williams filed another amended complaint based on the same events, but claiming for the first time under 42 U.S.C.

§ 1983 that her constitutional rights were violated. The defendants removed the case to federal court and promptly moved to dismiss, arguing that all of the claims were time-barred. The district court dismissed and Williams appeals, arguing only that the defendants waived their right to assert the statute of limitations defense by not asserting it "at the earliest possible moment." We affirm.

In her original complaint Williams alleged that Lampe injured her back and head by dragging her down stairs at the Cahokia police station and set forth state-law tort claims under theories of "intentional conduct" and "negligence." After two amendments of no consequence here, the defendants answered Williams' second amended complaint in September 2001. Though the parties presumably proceeded with discovery, there is no record of any further activity in the state court before July 2003 when the defendants moved to dismiss the case, arguing for the first time that the original complaint was not filed within the one-year statute of limitations. The state judge implicitly allowed the defense by granting Williams leave to amend her complaint yet again to try and meet the defense.

In her third amended complaint, filed on July 29, 2003, Williams retained her common law claims and for the first time set forth a claim under § 1983. Accordingly, the defendants removed the case to federal court and filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint on the grounds that the one-year statute of limitations had run on her state-law claims before she filed her original complaint and that the two-year statute of limitations had run on her § 1983 claim before she amended her complaint to include it. In January 2004 the district court granted the defendants' motion and dismissed the case with prejudice. The judge held that Williams' § 1983 claim was time-barred because she did not raise it until she filed her third amended complaint in July 2003, well over two years (almost five years, actually) after the alleged

violation. The judge held that Williams' state tort claims were time-barred because her original complaint was not filed within the one-year period allowed in Illinois for civil actions based on common law claims against governmental entities and their employees.

Williams' only argument on appeal is that the defendants waived the statute of limitations defense by not asserting it "at the earliest possible moment." The following legal background explains why this is the only issue before us. First, as the district court concluded, the statute of limitations applicable to Williams' state-law claims is one year. A two-year statute of limitations generally applies to personal injury actions in Illinois, 735 Ill. Comp. Stat. 5/13-202; thus, § 1983 claims in Illinois are also governed by a two-year limitations period, *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). Illinois local governmental entities and their employees, however, benefit from a one-year statute of limitations for "civil actions" against them. 745 Ill. Comp. Stat. 10/8-101. While the two-year period still applies to § 1983 claims against such defendants, *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998), the one-year period applies to state-law claims that are joined with a § 1983 claim. *American Nat'l Bank & Trust Co. of Chi. v. Town of Cicero*, No. 01 C 1396, 2001 WL 1631871, *14 (N.D. Ill. 2001). Therefore, Williams' state-law claims were, as she concedes, already time-barred when they were first brought. *American Nat'l Bank & Trust Co. of Chi.*, 2001 WL 1631871, at *14.

Second, the district court's unspoken assumption that Williams' § 1983 claim did not relate back to her original complaint was also correct. In order to benefit from Fed. R. Civ. P. 15(c)'s "relation back" doctrine, the original complaint must have been timely filed. *Henderson v. Bolanda*, 253 F.3d 928, 931-32 (7th Cir. 2001). If an original complaint against Illinois local governmental defendants is not filed within one year of the injury and does not claim a

constitutional violation, we will not deem a later § 1983 claim timely merely because it rests on the same factual allegations included in the original complaint. *Id.* at 932 & n.3. As the original complaint was not timely, it cannot "act as a lifeline for a later complaint, filed after the two-year statute of limitations for the claims which it contained." *Id.* Thus, even though Williams' § 1983 claim arises from the same incident as her tort claims, and even though her original complaint was filed within two years of that incident, her § 1983 was time-barred because the tort claims were not timely filed.

Williams argues, however, that the defendants waived their limitations defense to all her claims by not asserting it in their answer to the second amended complaint or at any other time during the next twenty months. This argument of course is frivolous with respect to her § 1983 claim insofar as the defendants moved to dismiss that claim as soon as Williams amended her complaint to add it. *See Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999) (holding that failure to plead affirmative defense to original complaint does not amount to waiver where defense is raised in response to amended complaint).

That leaves only Williams' contention that the defendants waived their limitations defense to the state-law claims by failing to raise it earlier in the state court proceedings. Though the district court dismissed the federal claim forming the basis for removal jurisdiction, the court properly retained jurisdiction to decide this remaining issue. *See* 28 U.S.C. § 1367(c)(2) (district court has discretion to retain jurisdiction after dismissing all claims forming basis for federal jurisdiction); *Baker v. Kingsley,* 387 F.3d 655-56 (7th Cir. 2004) (applying same rule in removal context). A removed action proceeds as if it had originally been brought in federal court; thus, we take the case as though everything done in the state court had been done in the federal district court. *See First Republic Bank Fort Worth v.*

*Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992); *Chicago R.I. & P.R. Co. v. Igoe*, 212 F.2d 378, 382 (7th Cir. 1954). Federal Rule of Civil Procedure 8(c) requires a defendant to include affirmative defenses like a statute of limitations in its answer, which the defendants did not do. However, the district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially. *See* Fed. R. Civ. P. 15(a); *Jackson v. Rockford Housing Auth.* 213 F.3d 389, 392-93 (7th Cir. 2000) ("Amendment is allowed absent undue surprise or prejudice to the plaintiff.").

In this case the limitations defense came late as to the state-law claims since the defendants already had answered Williams' second amended complaint. Nevertheless, we can infer that the state judge implicitly allowed the defense to be asserted because rather than denying the motion, he granted Williams leave to amend her complaint in response to the defendants' motion. Williams asserts that the state judge abused his discretion in allowing the defense to be asserted. Though she does not develop the argument, she points to our decision in *Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997). In *Venters,* the district judge allowed assertion of a limitations defense even though the defendants raised it for the first time in a reply memorandum in support of their summary judgment motion, on the eve of oral argument. *Id.* at 968. We reversed because the plaintiff was prejudiced by the defendants' delay as the delay effectively "deprived [her] of any reasonable opportunity to address that defense." *Id.* By permitting the defendant to raise the issue at the eleventh hour and giving the plaintiff almost no time to respond, we concluded the district court had "bushwhacked" the plaintiff. *See id.* at 969. In contrast, the state judge here gave Williams time to respond to the defendants' limitations defense. The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it. *Blonder-Tongue Labs., Inc. v.*

*Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971). Thus, where the plaintiff has an opportunity to respond to a late affirmative defense, he cannot establish prejudice merely by showing that the case has progressed significantly since the defendants answered his complaint. *See Jackson,* 213 F.3d at 393; *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999); *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993); *Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1374 (3d Cir. 1993). Because Williams does not suggest any prejudice to her from the defendants' delay other than her subsequent preparation for trial, the court did not abuse its discretion in allowing the defense.

AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*

USCA-02-C-0072—3-1-05