UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 19, 2005[*]
Decided May 23, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 04-1850

| | |
|---|---|
| DAVID C. TURNER,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>ROBERT HUSTON, Tazewell County<br>Sheriff, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Central District of Illinois<br><br>No. 02-C-1140<br><br>Harold A. Baker,<br>*Judge.* |

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary.  Accordingly, this appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

**O R D E R**

David Turner, formerly a pretrial detainee at the Tazewell County Jail in Pekin, Illinois, and now an inmate in the Illinois Department of Corrections, sued the county sheriff and two jail employees under 42 U.S.C. § 1983, claiming they violated his constitutional rights. The district court dismissed the entire complaint, concluding that Turner had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e(a). Turner appeals; we affirm in part, and vacate and remand in part.

Turner brought suit in 2002 after he was transferred from county to state custody. In his amended complaint Turner alleges that while at the jail (1) his issues of a weekly entertainment magazine were withheld under a policy prohibiting any outside reading materials except those obtained from the local library, (2) the heat in the jail was not turned on before mid-November and the inmates were refused extra blankets even though outside temperatures dropped to freezing, (3) he was punished with disciplinary segregation on four separate occasions without adequate notice or an opportunity to defend himself against the charges, (4) he was denied "phone rights" while in segregation, (5) he had no access to a photocopy machine, notary public, prompt mailing services for legal documents, or an adequate law library, and 6) he was denied an extra sheet even though a doctor had directed that he be given one to help combat a skin rash. Turner further alleges that he submitted written grievances—sometimes several—on the first four of these six claims but never got responses. He also attached to his amended complaint an affidavit verifying the truth of its factual allegations.

The defendants filed a motion to dismiss, raising several grounds, including that Turner had failed to "plead exhaustion of all administrative remedies." According to the defendants, dismissal was "mandated" because "[p]laintiff does not allege that any of his claims were submitted to the Jail and Detention Standards Unit of the Illinois Department of Corrections." The defendants asserted that Turner had submitted written grievances at the jail on just two of his claims but failed to exhaust his administrative remedies even as to those two because he did not "pursue[] administrative remedies beyond the local level." The defendants, however, submitted no evidence to substantiate their assertion that Turner had submitted written grievances on just two of his claims, rather than four as Turner avers in his sworn complaint. Neither did the defendants offer evidence to refute—or even acknowledge—Turner's verified allegations that he never received decisions on his grievances and, in fact, was never told what the grievance procedure was at the jail.

The district court effectively converted the defendants' motion to one for summary judgment and granted it, reasoning that despite Turner's contention that

he "exhausted all administrative remedies known to him at the time . . . and that he never knew about the Illinois Administrative Code," he indeed failed to exhaust his administrative remedies. In support of its conclusion, the court pointed out that the Illinois Administrative Code provides that inmate complaints denied at the local level can be submitted to the Jail and Detentions Unit of the Illinois Department of Corrections. *See* Ill. Admin. Code tit. 20, § 701.160(c) (2005). Since Turner had not pursued his grievances at this higher level, the court explained, he did not fully exhaust his claims.

On appeal Turner challenges the district court's exhaustion ruling on the ground that he presented sufficient evidence to create a material issue of fact about whether he exhausted his administrative remedies. According to Turner, the defendants kept him "from appealing his grievances to the Jail and Detention Standards Unit of the Illinois Department of Corrections by having no available information regarding the grievance procedures." He also points out that he received no responses to the grievances he filed.

The defendants initially contend that, because the district court dismissed Turner's complaint without prejudice, the order of dismissal is not final and hence not appealable. *See* 28 U.S. C. § 1291. If the defendants were correct, Turner would have no means to appeal the district court's decision on the exhaustion question. (Although the defendants suggest that Turner could simply re-file, the statute of limitations will have run on at least two of his claims. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005)). But the defendants are not correct. As we have explained, finality does not turn on whether the suit is dismissed with or without prejudice, and instead "[t]he test is whether the district court has finished with the case." *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003). The district court's judgment terminated the lawsuit and was "conclusive in practical effect," and Turner would be "out of court" if we did not review the decision; therefore, we have appellate jurisdiction. *See Am. States Ins. Co.*, 392 F.3d 939, 941 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 648 (7th Cir. 2002).

We review *de novo* the district court's exhaustion analysis. *See Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004). To meet the exhaustion requirement, an inmate must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Illinois Legislature has directed that county jails permit inmates to submit complaints to the jail administration in written form and, if those complaints are not resolved at the local level, to submit a further complaint to the Jail and Detention Standards Unit of the Illinois Department of Corrections. *See* Ill. Admin. Code tit. 20, § 701.160(c). In order to seek this review of the local decision, however, a "copy of the local decision must be attached to the complaint." Ill. Admin. Code tit. 20, § 701.160(c)(2).

The defendants have never disputed Turner's contentions that they not only failed to apprise him of the grievance procedures they now say he should have used, but also failed even to respond to his grievances. Nor have the defendants ever explained how Turner might have appealed to the Jail and Detention Standards Unit given that he would have been unable to attach copies of the jail's decisions. *See* Ill. Admin. Code tit. 20, § 701.160(c)(2). Preventing inmates from submitting grievances, or failing to respond to their grievances, renders administrative remedies unavailable. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). And where administrative remedies are unavailable, they are deemed exhausted for purposes of § 1997(e)(a). *Lewis*, 300 F.3d at 833. Lack of exhaustion is an affirmative defense, and, contrary to the defendants' assertions in the district court, their burden of proof. *See Dale*, 376 F.3d at 655. Having never even acknowledged, much less disputed, Turner's sworn assertions that he submitted written grievances on his first four claims and that those grievances went unanswered, the defendants plainly failed to carry their burden on the exhaustion question.

Accordingly, this case must be remanded for further proceedings as to Turner's first four claims. As to the fifth and sixth claims, however, Turner does not dispute that he never submitted grievances even at the local level. And though he suggests that the effort would have been to no avail anyway, the apparent futility of filing a grievance is not an exception to the exhaustion requirement. *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001); *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). We express no opinion about the merits of any of these claims.

The dismissal of Turner's first four claims is VACATED and the case is REMANDED to the district court for further proceedings. As to the fifth and sixth claims, the judgment is AFFIRMED.