NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 27, 2009[*]
Decided September 1, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-4080

| | |
|---|---|
| DAVID ESTRADA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 3:07-cv-442-bbc |
| JAMES REED, *et al.,* | |
| *Defendants-Appellees.* | Barbara B. Crabb, |
| | *Chief Judge.* |

O R D E R

David Estrada, a federal inmate, suffered a stroke in prison and asserts in this civil-rights action that five employees of the federal Bureau of Prisons violated the Eighth Amendment by denying him medical care necessary to aid his recovery. The district court dismissed most of Estrada's claims at initial screening, see 28 U.S.C. § 1915A, and at summary judgment the court found from the undisputed evidence that only one of the remaining claims

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

had been administratively exhausted by Estrada. On that claim—that the medical director at Estrada's prison had not authorized enough physical therapy—the district court granted summary judgment on the merits to the defendant. We affirm the judgment.

Estrada suffered a stroke on April 30, 2005, while confined at the federal prison in Oxford, Wisconsin. He was treated at two local hospitals for a total of six days, and then he was moved to a third hospital for three weeks of rehabilitation. On May 26 he was taken back to the prison in Oxford, and for the next month he participated in outpatient physical therapy at a hospital about twice each week. Then, on June 30, 2005, he was transferred to the Federal Medical Center in Rochester, Minnesota, where he received physical therapy for over six months. Estrada returned to Oxford in February 2006 but did not resume physical therapy until July 20, after making a request to Dr. James Reed, the medical director at Oxford. In January 2007 Estrada was transferred to the Federal Medical Center in Missouri.

Estrada filed an administrative grievance in September 2006 in which he complained that he had been returned too quickly to Oxford from the local hospital where he received physical therapy after the stroke, and that he was likewise prematurely sent back to Oxford after his stint in Rochester. He insisted that he had not received any physical therapy in the seven months since he returned from Rochester, and he also asserted that Dr. Reed did not evaluate his condition for three months after his return. The warden denied his request for a speedy transfer "to the proper facility to facilitate" recovery. Estrada appealed to the BOP's Regional Office, this time contending only that he had gone too long without physical therapy; he requested damages in addition to a transfer. When that appeal was rejected, he unsuccessfully appealed to the BOP's Central Office.

Estrada then took his case to district court. He sought damages from Dr. Reed along with Warden Stephen Hobart, guard Antonio Salas, and health-service administrators Michael Carr and Virginia Jones. At screening the district court allowed Estrada to proceed only with his claims that (1) Reed did not order enough therapy; (2) Reed and Jones failed to monitor his vital signs; (3) Hobart and Salas prevented him from using a cane or wheelchair in his cell; (4) Salas would not give him a table and chair he needed to perform therapy routines in his cell; and (5), in an apparently unrelated incident, Carr and Reed refused to supply him with a splint for a hyper-extended finger.

At summary judgment the district court agreed with the defendants that the only claim that had been exhausted properly was Estrada's contention that Dr. Reed had not procured sufficient physical therapy. The court reasoned that Estrada's undisputed failure to mention in his administrative appeals the other claims that had survived screening prevented him from pursuing them in court. As for the merits, the court concluded that no jury could reasonably

believe that Reed had been deliberately indifferent to Estrada's need for physical therapy because Reed repeatedly approved his requests.

On appeal Estrada contends that the district court made three procedural errors. First, he argues that the court should have let him amend his complaint after the defendants had filed their answers. But a district court has discretion to deny leave to amend a complaint that has been answered, FED. R. CIV. P. 15(a)(2), and it does not abuse that discretion by denying a futile amendment. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 (7th Cir. 2009); *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007). Estrada wanted to add unrelated claims against Reed, Jones, and several new defendants, yet, as the district court noted, where there are multiple defendants, a plaintiff may join only those claims relating to each. See *United States v. George*, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, several of those claims were based on incidents that occurred in the 1990s. Since the statute of limitations for suits alleging that state officers in Wisconsin committed constitutional violations is six years, *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989), and that statute applies to actions against federal officers as well, *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000), those new claims also were time-barred. Given this backdrop, the district court did not abuse its discretion in denying the motion.

Second, Estrada argues that the district court abused its discretion by refusing to let him proceed *in forma pauperis* on several claims that the district court determined were frivolous or failed to state a claim. Estrada apparently assumes that the only question before the court at that point was his financial eligibility for pauper status. See 28 U.S.C. § 1915(a). But that view is mistaken; a district court must screen the complaint of any plaintiff who would like to proceed *in forma pauperis* and dismiss with prejudice claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); see *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). And when, as here, the plaintiff is a prisoner seeking redress from employees of a government entity, the district court is required to screen the complaint promptly whether or not the inmate is proceeding *in forma pauperis*. See 28 U.S.C. § 1915A; *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1991); *Koutnik v. Brown*, 456 F.3d 777, 781 n.1 (7th Cir. 2006).

Third, Estrada contends that the district court should have recruited counsel for him because, he says, his legal experience is minimal and his stroke impaired his ability to present his case. We ask whether the district court abused its discretion in concluding, given the difficulty of the case, that Estrada seemed competent to litigate it himself, and even if there was an abuse of discretion, we would reverse only if Estrada could show that he was prejudiced by that error. See *Pruitt v. Mote*, 503 F.3d 647, 655, 658-59 (7th Cir. 2007) (*en banc*); *Jackson v. Kotter*, 541 F.3d 688, 700-01 (7th Cir. 2008). The district court did not abuse its discretion by concluding that the issues in this case are straightforward and that Estrada was capable of handling the

case, even after his stroke. Estrada asserts that, because of his condition, he was unable to prepare his submissions in the district court and relied on a fellow inmate to do so, but far from suggesting that he needed a lawyer to litigate his case competently, his partnership with another inmate indicates that Estrada was able to make his own arrangements so that he could pursue this action. See *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

Next, Estrada challenges the dismissal at summary judgment of all but one of his claims for failure to exhaust administrative remedies. He does not disagree with the district court's observation that his failure to pursue those claims through each step of the BOP's system was undisputed, but instead he argues for the first time on appeal that the defendants did not adequately plead an exhaustion defense. In their answer to his complaint, the defendants listed four affirmative defenses, among them, "Plaintiff may have failed to exhaust his administrative remedies." Estrada contends this assertion was too conclusory to comply with the requirement in FED. R. CIV. P. 8(c) that a defendant include affirmative defenses in its response to a pleading. But the purpose of Rule 8(c) is to give the plaintiff notice of a potential affirmative defense so that he or she can prepare to rebut it at summary judgment or trial, see *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005); *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1377 (7th Cir. 1990), and Estrada has not explained why the defendants' concise warning fails to accomplish that aim. Nothing in the rule or the cases suggests that more was required.

Finally, Estrada attacks the grant of summary judgment to Dr. Reed on the claim that Reed refused to order as much physical therapy as Estrada needed. Estrada argues that it was error for the district court to determine, on the one hand, that he stated a claim of deliberate indifference against Reed and, on the other, that he had not established that Reed was deliberately indifferent. But these two positions are not contradictory: the standard for reviewing the adequacy of a complaint differs from that applicable to the review of evidentiary submissions at summary judgment. To state a claim, a plaintiff may rest on his complaint, but to survive summary judgment, the plaintiff must produce enough admissible evidence supporting his claims to establish that there is a genuine issue of material fact. FED. R. CIV. P. 56(e)(2); *Whitman v. Nesic*, 368 F.3d 931, 933-34 (7th Cir. 2004); *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005). And a district court's conclusion that a claim has properly been stated has no effect on its resolution of the merits of that claim. *Whitman*, 368 F.3d at 933-34; *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 767 (7th Cir. 2003).

In any event, we agree with the district court that Estrada did not meet his burden of production on his claim that Dr. Reed refused to order enough physical therapy. To prevail, Estrada needed to submit evidence that Reed acted with deliberate indifference to a serious medical need. See *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir.2008). This requires a showing that Reed acted with intentional or criminally reckless disregard. See *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005); *Chapman v. Keltner*, 241 F.3d

842, 845 (7th Cir. 2001). But according to the undisputed evidence, every time that Estrada told Reed that he needed further physical therapy, Reed granted his request within days. Instead of challenging the district court's conclusion on appeal, Estrada switches targets and focuses on the six days that passed between his stroke and the start of physical therapy in the hospital; he now argues that this brief delay is evidence of Reed's deliberate indifference. This is a new theory. In his administrative filings Estrada complained that Reed ordered a premature *end* to each round of inpatient therapy—first at the local hospital and then, after a sojourn at Oxford, in Rochester—but he never suggested that Reed waited too long after the stroke to *start* his therapy. In his argument to the district court, Estrada also bypassed the immediate aftermath of the stroke and took issue only with his access to therapy after he was returned from the hospital to prison. As Estrada did not present this claim to the district court (nor did he exhaust his administrative remedies with respect to it), he has forfeited it. See *Domka v. Portage County*, 523 F.3d 776, 783 (7th Cir. 2008) (holding general attack on due process waiver in district court did not preserve for appeal specific theory that had not been mentioned).

Accordingly, the judgment of the district court is AFFIRMED.