In the

# United States Court of Appeals
## For the Seventh Circuit

No. 09-1902

TAMMY SCHMIDT,

*Plaintiff-Appellant,*

*v.*

EAGLE WASTE & RECYCLING, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:08-cv-00230-bbc—**Barbara B. Crabb**, *Chief Judge*.

ARGUED DECEMBER 2, 2009—DECIDED MARCH 22, 2010

Before POSNER, FLAUM, and SYKES, *Circuit Judges*.

FLAUM, *Circuit Judge*. The plaintiff, Tammy Schmidt, brought this action for monetary relief under the Fair Labor Standards Act ("FLSA"), alleging that she was not paid overtime due under the Act. The defendant, Eagle Waste and Recycling, Inc. ("Eagle"), moved for summary judgment, arguing that Schmidt was exempt from the act because she was either an "outside salesperson" or a combination of an "outside salesperson" and an "admin-

istrative employee." Taking Eagle's proposed findings of fact as true because Schmidt failed to contest them in the manner prescribed by the local rules, the district court granted summary judgment for the defendant. Schmidt appeals, arguing that the district court errone- ously denied her an opportunity to cure the defects in her response brief, failed to "liberally construe" the FLSA, and incorrectly applied the "outside salesperson" and "combi- nation" exemptions to the FLSA. We affirm.

## I. Background[1]

Eagle, a corporation located in Eagle River, Wisconsin, is in the business of waste removal from residential and commercial properties. Alan Albee is the president of Eagle and has been since its founding on July 1, 2005. Albee hired Schmidt on September 12, 2005. According to Eagle, Schmidt was hired as a sales representative and adopted the title of "account representative" with Albee's permission. Schmidt reported to Albee, her sole supervisor.

Schmidt's duties included contacting potential commer- cial customers at their places of business and convincing them to use Eagle's waste disposal and recycling services. She was responsible for bringing in new customers, and

---

[1] This summary of the undisputed facts comes mainly from the district court's opinion, which is in turn largely based on Eagle's proposed findings of undisputed fact. We address Schmidt's argument that this summary unfairly deems those findings admitted in Part II of this opinion.

maintaining and increasing the business of existing customers. Schmidt spent some time in the office on approximately half of her workdays. On those days, she was in the office between one and four hours. Schmidt spent four to eight hours a day outside the office making sales calls to current and potential customers. Schmidt would schedule in-person sales calls in the mornings and afternoons so that she could meet with these customers on the way to and from the office. She controlled the amount of time she spent on these calls. She was also authorized to negotiate prices with customers. For her efforts, she was paid a commission on sales in addition to her base salary.

Schmidt also had promotional and marketing duties. She conferred frequently with Albee to determine new locations and businesses to target. Schmidt would then develop a marketing campaign that Albee would review. Schmidt spent time in and out of the office promoting Eagle. For example, she attended weekly chamber of commerce meetings and social functions, where she distributed business cards and flyers, talked to area business people, and sold services Eagle offered. Schmidt spent approximately five or six hours a week promoting Eagle outside the office, including two to four hours a week at chamber of commerce meetings. She spent another ten hours a week working on promotional and marketing efforts at the office.

Finally, Schmidt was responsible for customer service and maintaining the customer database. She made in-person visits to resolve any service problems her cus-

tomers had, ranging from confusion with neighbors' containers to billing and accounting. Her database tracked current customers, prospects, and lost customers. She used the database to collect money owed by her customers, sometimes adjusting bills if a customer had a complaint or concern. These collections formed the basis of her commission payments.

Occasionally, other employees consulted Schmidt when Albee was out of the office. For example, if a customer complained about service, Schmidt would decide whether to give the customer a credit on the next bill. If a vehicle needed to be repaired, Schmidt would sometimes authorize the ordering of replacement parts without consulting Albee.

When she was hired in September 2005, Schmidt's base salary was $384.62 a week plus commission. Beginning January 1, 2006, she received a base salary of $461.54 a week plus commission. She received $26,319.75 in commissions during her time as an employee of Eagle, which ended on December 31, 2007.

Schmidt brought this action in state court on April 4, 2008. Eagle removed the case to federal court and answered the complaint on April 23, 2008. On May 15, 2008, Magistrate Judge Stephen Crocker held a pretrial conference in which he set deadlines for discovery and a trial date. Notice of these deadlines was sent to both parties along with a copy of the procedures for briefing summary judgment motions. Following depositions of Schmidt and Albee, Eagle filed its motion for summary judgment on November 13, 2008. Schmidt filed her brief

in opposition to Eagle's motion on December 4, 2008, before the deadline of December 15, 2008. That same day, she filed a sworn affidavit making various statements in support of her response. Eagle filed its reply on December 12, 2008, raising Schmidt's failure to respond to its proposed findings of fact in accordance with the local rule and asking that Schmidt's affidavit be stricken because it contradicted her deposition testimony. On December 26, 2008, Schmidt filed a motion for leave to file a sur-reply brief and to modify her responses to Eagle's proposed findings of fact. The brief and proposed findings of fact she sought to file were not included with the motion.

On February 25, 2009, the district court entered an order denying Schmidt's motion for leave to file a sur-reply brief and correct her proposed findings of facts. The same order granted summary judgment to Eagle. Schmidt now appeals.

## II. Analysis

At the outset, we must address Schmidt's argument that the district court erred when it deemed Eagle's proposed findings of fact admitted and refused to consider additional facts alleged by Schmidt. The district court did so because Schmidt failed to follow the local rule for making and opposing proposed findings of fact for summary judgment, which required her to respond to the defendant's proposed findings paragraph by paragraph and put her own proposed findings into separate numbered paragraphs. Instead, Schmidt included only a

"statement of facts" of the sort that might be found in an appellate brief. While this statement of facts did contain some pinpoint citations, it did not directly respond to Eagle's proposed findings and lumped several distinct factual assertions together in each paragraph.

We have routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions. *See, e.g.*, *Patterson v. Indiana Newspapers Inc.*, 589 F.3d 357, 360 (7th Cir. 2009). Indeed, we have previously upheld a district court's decision to enforce compliance with the precise local rule at issue here. *See Hedrich v. Bd. of Regents of Univ. of Wis. Sys.*, 274 F.3d 1174, 1177 (7th Cir. 2001). In *Hedrich*, as here, the nonmoving party did include some citations to the record but failed to follow the requirement that specific factual allegations be made or contested in numbered paragraphs. *Id.* at 1178. Similarly, as in *Hedrich*, a separate reminder of the local rule accompanied notices sent to the parties. *Id.* Schmidt's reliance on a pair of Supreme Court cases addressing pleading standards, *Swierkiewicz v. Sorema N.A.*, 543 U.S. 506 (2002) and *Conley v. Gibson*, 355 U.S. 41 (1957), is misplaced. Not only has *Conley* been abrogated by *Bell Atlantic v. Twombly*, 550 U.S. 554, 560-63 (2007), but the issue of notice pleading is fundamentally different from compliance with the local rule at issue here. The local rule serves an important function by ensuring that the proposed findings of fact are in a form that permits the district court to analyze the admissible evidence supporting particular factual propositions and determine precisely what facts, if any, are material and disputed. *See Hedrich*, 274 F.3d at 1178.

This is not a hyper-technical rule that turns "pleading [into] a game of skill in which one misstep by counsel may be decisive of the outcome," *Conley*, 355 U.S. at 48. Rather, the rule provides district courts with the means to resolve motions for summary judgment on the merits. Here, even after Schmidt was informed of the deficiencies in her response brief, she waited two weeks before asking for leave to correct her proposed findings of fact and did not tender a corrected version with her motion. The district court concluded that Schmidt had not given an adequate explanation for her disregard of the local rules or her delay in attempting to cure the error. Schmidt has not explained why those findings were erroneous. Consequently, the district court did not abuse its discretion when it denied Schmidt the opportunity to amend her response brief and proposed findings of fact.[2] We therefore proceed, as the district court did, on the findings of fact proposed by Eagle.

Next, we address Schmidt's argument that she was not an "outside salesperson" as defined in the FLSA regula-

---

[2] Schmidt also sought leave to file a sur-reply on the "sham affidavit rule," which Eagle had raised in its reply brief to attack an affidavit filed by Schmidt along with her response brief. The district court denied Schmidt leave to file a sur-reply and instead decided the summary judgment motion without reference to Eagle's sham affidavit rule argument. Because this was the only new argument raised in Eagle's reply brief and the district court did not rely on it, the district court did not abuse its discretion when it denied Schmidt's request for leave to file a sur-reply.

tions. The Secretary of Labor defines an "outside sales-person" as an employee (1) whose "primary duty" consists of "making sales" or "obtaining orders or contracts for services" and (2) who is "customarily and regularly engaged away from the employer's place or places of business in performing such primary duty." 29 C.F.R. § 541.500 (2009). An employee's "primary duty" is the "principal, main, major, or most important duty that the employee performs." *Id.* § 541.700. Time spent performing exempt work is useful, but not dispositive, in determining an employee's primary duty. *Id.* The burden is on the employer to prove that an employee is exempt under FLSA, *see Piscione v. Ernst & Young LLP*, 171 F.3d 527, 533 (7th Cir. 1999), and such exemptions are to be narrowly construed against the employer seeking the exemption. *See Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505 (7th Cir. 2007).

While Schmidt argues that the district court failed to "liberally construe" FLSA in her favor, the district court identified the correct legal standard and applied it to the facts before the court. The undisputed facts show that Schmidt's primary duty was outside sales. On average, Schmidt spent four to eight hours a day outside the office making in-person sales calls. She visited the office on only about half of her workdays. At the office, much of her work furthered her efforts to make sales. She maintained a database of her customers, which formed the basis of her collections and commission payments. This sort of work relates directly to her outside sales work and is thus exempt itself. *See* 29 C.F.R. § 541.703

(2009). She also spent about ten hours a week developing marketing plans and doing other promotional work inside the office, and five to six hours a week promoting Eagle outside of the office. Other than Albee, Eagle's president, who made some sales directly, there do not appear to have been any other Eagle employees directly involved in sales work. Most of the fruits of Schmidt's promotional work were therefore realized through her own sales. Thus, this promotional work also counts as exempt outside sales work. *See id.* § 541.503(a) (promotional work is exempt if it is "incidental to and in conjunction with an employee's own outside sales or solicitations" but non-exempt if it "is incidental to sales made, or to be made, by someone else").

We also agree with the district court that even if Schmidt did not qualify for the outside salesperson exemption on its own, she would fall within the "combination exemption" to the FLSA. Employees "who perform a combination of exempt duties as set forth in the regulations in this part for . . . administrative [and] outside sales . . . employees may qualify for exemption." 29 C.F.R. § 541.708 (2009). Eagle argues that to the extent Schmidt performed duties unrelated to outside sales, these were largely exempt "administrative" duties. *See id.* § 541.200.

Before we proceed to the merits of Eagle's argument, however, we must address Schmidt's claim that Eagle has waived any reliance on the combination exemption. Schmidt argues that the combination exemption is an affirmative defense that should have been raised in

Eagle's answer.[3] She also argues that, in response to a request to admit, Eagle admitted that Schmidt was not an administrative employee. Schmidt made these arguments, which she frames as an issue of "estoppel," to the district court on summary judgment, but the district court did not mention waiver or estoppel in its opinion granting summary judgment.

While Fed. R. Civ. P. 8(c) directs parties to raise affirmative defenses in the pleadings, a delay in raising an affirmative defense only results in waiver if the other party is prejudiced as a result. *See Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005). Eagle did not raise the administrative or combination exemptions explicitly in its answer. It did, however, deny that Schmidt was a covered employee under FLSA and deny that Schmidt was a nonexempt employee. The nature of Schmidt's work was the primary focus of the depositions of Albee and Schmidt. Schmidt argues that Eagle misled her by denying in discovery that she was an "administrator" as defined in the FLSA regulations. But the request to admit was itself misleading—"administrator" is defined only as the Administrator of the Wage and Hour Division. *See* 29 C.F.R. § 541.1 (2009). Although it seems unlikely that Eagle's counsel thought Schmidt was asking them to admit that she was the Administrator of the Wage and Hour Division, rather than inartfully

---

[3] Eagle did not raise the outside salesperson defense in its answer, either. Schmidt, however, does not argue that Eagle has waived that defense.

asking if Eagle intended to invoke the administrative exemption, Eagle's response was literally true and the confusion, if any, stems from Schmidt's vague request to admit. In any event, Eagle's consistent position that Schmidt was an exempt employee and the course of discovery as a whole should have put Schmidt on notice that the administrative and combination exemptions were at issue. Eagle raised the combination and administrative exemptions in its opening brief on summary judgment and Schmidt argued them on the merits in her response brief. Because Schmidt has not shown any prejudice from Eagle's delay in raising the administrative and combination exemptions to FLSA, the district court did not abuse its discretion in reaching the merits. *Curtis*, 436 F.3d at 711.

We agree with the district court that to the extent Schmidt's work was not related to outside sales, it was primarily exempt administrative work. The administrative employee exemption applies to any employee who is:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . .;

> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200 (2009). With the exception of her first few months of employment, Schmidt's base salary ex-

ceeded the $455 per week minimum.[4] When Schmidt was not actively pursuing sales, she developed advertising and marketing plans, managed customer complaints, administered the customer database, and dealt with issues that would have been handled by Albee had he been in the office, such as approving an order of parts for broken machinery. This office work was directly related to the management and general business operations of Eagle. *See id.* § 541.201 ("Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as . . . purchasing; procurement; advertising; marketing; research; . . . personnel management; . . . public relations; . . . database administration; . . . and similar activities."); *see also Haywood v. North American Van Lines, Inc.*, 121 F.3d 1066, 1067-68 (7th Cir. 1997) (finding customer service coordinator for shipping company to be an exempt administrative employee). While Schmidt argues that Albee "micromanaged" her work, the undisputed facts show that she negotiated with customers over price and service credits, created marketing campaigns, placed advertisements, collected from accounts, and set her own schedule. *Cf. Haywood*, 121 F.3d at 1072 (holding that resolving customer complaints and disputes about billing requires the exercise of discretion

---

[4] The record reflects only the total of Schmidt's commission payments. Spread over the course of her employment, she received an average of $225 per week in commission. Thus, even Schmidt's lower weekly salary of $384 exceeded the $455 minimum when combined with her commission payments.

and independent judgment). Thus, the district court did not err by holding that even if Schmidt's primary duty was not outside sales, the combination of her outside sales and administrative work exempts her from the FLSA's overtime requirements.

### III.  Conclusion

We AFFIRM the district court's grant of summary judgment to Eagle.