NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 1, 2011[*]
Decided June 2, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1074

| | |
|---|---|
| NORMA J. COLEMAN, <br> *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:09-cv-00808-LA |
| GOODWILL INDUSTRIES OF <br> SOUTHEASTERN WISCONSIN, INC., <br> *Defendant-Appellee.* | Lynn Adelman, <br> *Judge*. |

**O R D E R**

Norma Coleman, proceeding pro se, sued Goodwill Industries of Southeastern
Wisconsin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, alleging that she
was fired because of her sex. Following discovery Goodwill moved for summary judgment,

---

[*] After examining the briefs and the record, we have concluded that oral argument is
unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P.
34(a)(2)(C).

which Coleman opposed with supporting affidavits. But Coleman did not submit a proper response to Goodwill's proposed findings of fact as required by the Eastern District of Wisconsin's Civil Local Rule 56(b)(2)(B); specifically, she failed to submit a paragraph-by-paragraph response to Goodwill's proposed facts with citations to the record. As a result the district court deemed admitted Goodwill's proposed findings of fact. *See* CIV. L.R. 56(b)(2), (4) (E.D. Wis. 2010); *see Fed. Trade Comm'n v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633-34 (7th Cir. 2005). Based on these facts, the district court concluded that Coleman failed to establish a prima facie case of sex discrimination and also concluded that Coleman had admitted (and thus could not challenge as pretextual) Goodwill's proffered reasons for firing her—insubordination for calling a supervisor a liar.

On appeal, Coleman insists that the memoranda she filed in opposition to summary judgment should be construed as complying with Civil Local Rule 56 because they were submitted with several affidavits in support of her contrary view of the facts. Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules, *see, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Goodwill, as required by both this court and the local rules, included a copy of the relevant rules in its motion for summary judgment and warned Coleman that noncompliance could lead to the admission of its version of the facts. *See* CIV. L.R. 56(a)(1)(B) (E.D. Wis. 2010); *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). We cannot conclude that the district court's decision to adhere strictly to the local rules—and require Coleman to contest Goodwill's proposed facts in the manner set forth by the local rule—was an abuse of discretion. *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630-31 (7th Cir. 2010).

AFFIRMED.