**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2014[*]
Decided August 20, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1123

| | |
|---|---|
| TYRONE WHITMORE, | Appeal from the United States District |
|     *Plaintiff–Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
|     *v.* | |
| | No. 13 C 260 |
| BOELTER BRANDS, | |
|     *Defendant–Appellee*. | Nancy Joseph, |
| | *Magistrate Judge.* |

**O R D E R**

Tyrone Whitmore, who was fired from his job as an assembly worker for Boelter Brands, challenges the grant of summary judgment against him in this suit asserting gender discrimination and retaliation. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal thus is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

The district court treated Boelter's proposed facts as undisputed because Whitmore failed to comply with the local rules concerning submission of evidence and proposed findings of fact. E.D. WIS. CIVIL L.R. 56(a). We shall follow that procedure as well.

In response to Boelter's proposed findings of fact, Whitmore submitted a two-page document reasserting his belief that Boelter violated its own policy, procedures, and state and federal laws. But in violation of the local rules, he did not respond to Boelter's proposed facts; nor did he provide any references to supporting materials.

Throughout most of 2011, Whitmore worked at a factory for Boelter Brands, a marketer and distributor of bar and kitchenware. He was an entry-level, at-will employee responsible for packaging customers' orders into boxes. As a result of overstaffing and decreased customer orders, Boelter, by the end of 2011, had to reduce its staff at the factory where Whitmore worked. Whitmore and 14 other entry-level employees were fired; he then brought this suit under Title VII, 42 U.S.C. § 2000e, and the Equal Pay Act (EPA), 29 U.S.C. § 206(d).

A magistrate judge, presiding with the parties' consent, eventually granted summary judgment to Boelter, finding that Whitmore failed under Title VII to offer evidence of gender-based pay discrimination, gender-based failure to promote, gender-based wrongful termination, or retaliation. The judge also found that Whitmore had not offered evidence of pay discrimination under the EPA because he could not show that employees of the opposite sex were paid different wages.

Much of Whitmore's appellate brief consists of allegations that he raises for the first time—that Boelter violated the Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. § 2102, breached an oral contract to pay him a certain amount, and fired him in violation of an unspecified public policy. But Whitmore waived any such arguments that he did not first present to the district court. *See James v. Hyatt Regency Chi.*, 707 F.3d 775, 783 (7th Cir. 2013); *Local 15, Int'l Bhd. of Elec. Workers v. Exelon Corp.*, 495 F.3d 779, 783 (7th Cir. 2007).

Generously construing the rest of his brief, we discern two possible arguments. First he challenges the court's decision to accept Boelter's facts as undisputed, and maintains that a more lenient approach to filing requirements should be applied to litigants like him who are proceeding pro se and have limited education. But although we liberally construe the filings of pro se plaintiffs, district courts may require pro se litigants to comply strictly with local rules. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993); *Cady v. Sheahan*,

467 F.3d 1057, 1061 (7th Cir. 2006). Boelter included a copy of Civil Local Rule 56 with its motion for summary judgment and notified Whitmore that failure to respond could result in the admission of its version of the facts. *See* FED. R. CIV. P. 56; E.D. WIS. CIVIL L.R. 56. The district court did not abuse its discretion by strictly requiring Whitmore to adhere to the local rules. *See Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630–31 (7th Cir. 2010); *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 992 (7th Cir. 2002).

Whitmore also generally contests the court's grant of summary judgment on his Title VII and EPA claims. But he barely develops any challenge to the court's ruling. We have reviewed the record and affirm for substantially the reasons stated by the magistrate judge. *See also* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001).

**AFFIRMED**.