NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 20, 2017[*]
Decided November 20, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-1499

| | |
|---|---|
| TIMMY LURZ, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 15-3106 |
| | |
| JOSEPH HANKINS, et al., | Colin Stirling Bruce, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Timmy Lurz, a civil detainee at Rushville Treatment and Detention Center, sued various prison officials under 42 U.S.C. § 1983 for displaying deliberate indifference to sexual offenses that his roommate inflicted upon him. The district court entered summary judgment for all defendants. Because a reasonable jury could not find that the defendants were deliberately indifferent to a substantial risk of harm, we affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Lurz lives at Rushville under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1–99. That act authorizes the commitment of persons who have been adjudicated to be "sexually violent"; this requires a showing that the person, among other things, "suffers from a mental disorder that makes it substantially probable that [he] will engage in acts of sexual violence." 725 ILCS 207/5(f).

This appeal concerns Lurz's dissatisfaction with the second of two roommate assignments at Rushville. (We do not address any of his claims regarding the roommate who lived with him between 2006 and 2007 because the applicable two-year statute of limitations expired well before he filed this lawsuit in 2015, see *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005).) Lurz contends that for six months in 2014, his second roommate, Raymond Rainey, made him "live his life in fear" because Rainey asked him "over and over for sex" and tried to grab his genitals while Lurz was urinating. Lurz concedes that Rainey never physically touched him but insists that he repeatedly complained about Rainey's behavior to a security therapist aide at the housing unit, Daniel Dougherty.

The situation escalated on October 29. That morning Lurz complained to Dougherty, who then discussed Lurz's allegations with his supervisor, Joseph Hankins. Word of Lurz's complaint apparently reached Rainey, who later that afternoon told Lurz that he would stab him that night in their shared room. Dougherty, the security therapist aide, helped Lurz pack up his belongings, and within three hours of Rainey's threat, Lurz moved into a new room. Lurz has not interacted with Rainey since that day, and he has no concerns regarding his current rooming situation.

Lurz brought this § 1983 suit against various Rushville officials (Dougherty, Hankins, Shan Jumper who was the clinical director, and Sharlene Caraway, an associate clinical director) asserting that they were deliberately indifferent to the sexual offenses he endured during the six months that he cohabited with Rainey. Discovery ensued.

The district judge ultimately granted the defendants' motions for summary judgment. Noting that the Fourteenth Amendment afforded pretrial detainees protections at least as great as the Eighth Amendment, the judge evaluated Lurz's claims under the Eighth Amendment framework and determined that no juror could rationally find that the defendants deliberately or recklessly disregarded a risk to Lurz. A rational juror, the judge explained, could conclude that Rainey's repeated sexual

advances presented a substantial risk of serious harm, but "no evidence" in the record supported a finding that any defendant was aware of the situation before the incident on October 29, 2014. The judge noted that Lurz did not supply specific evidence about (1) the dates when he told Dougherty about Rainey's behavior or (2) the context of his conversations with Dougherty or Dougherty's supervisor about Rainey's behavior.

On appeal Lurz generally challenges the entry of summary judgment for the defendants and argues that a reasonable jury could believe that the defendants knew about the sexual offenses before October 29. But as the district court explained, without specific information regarding when Lurz talked with Dougherty, or what Lurz told him, no reasonable jury could find that Dougherty or Dougherty's supervisor knew that Lurz was at a substantial risk of serious harm. Lurz presented no evidence that the clinical officials knew about Rainey's advances until after Lurz had moved into his new room, and so no reasonable jury could find that they were deliberately indifferent to his serious needs.

For the first time on appeal, Lurz argues that (1) he suffers from an unspecified "intellectual disability" that affects his recollection of the specific dates when he spoke to Dougherty and the context of their conversations, and (2) the precariousness of his situation must have been apparent to the defendants, given the presence of 300 cameras positioned across Rushville. But Lurz waived these arguments by not presenting them first to the district court. *Homoky v. Ogden*, 816 F.3d 448, 455 (7th Cir. 2016) (citing *Hannemann v. S. Door Cty. Sch. Dist.*, 673 F.3d 746, 754 (7th Cir.2012)).

AFFIRMED.