In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-3497

JEREMY T. GREENE,

*Plaintiff-Appellant,*

*v.*

JOHN DORUFF, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 09 CV 291—**J.P. Stadtmueller**, *Judge*.

SUBMITTED AUGUST 31, 2011—DECIDED OCTOBER 11, 2011

Before POSNER, ROVNER, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff, a state prison inmate, worked as a clerk in the prison library. Defendant Doruff, the prison's director of education, ordered the plaintiff fired on the ground that while on the job he had highlighted photocopies of judicial opinions for his personal use (a case he was working on with another inmate) and had stolen a judicial opinion from the library (the *Anders* opinion, no less). The plaintiff re-

sponded by filing a complaint in the prison grievance system against Doruff, charging that Doruff had had no cause for firing him. A month later, but apparently just a day after the plaintiff had told the librarian that he had filed a grievance against Doruff, Doruff filed a conduct report attempting to justify his ordering the plaintiff fired.

The plaintiff produced the library receipt showing that he had checked out the *Anders* opinion properly, whereupon the charge of theft was dropped. But the charge relating to the photocopies triggered a disciplinary hearing. The hearing officer upheld the charge and ordered the plaintiff confined to his cell for 14 days and the copies destroyed as "contraband." The plaintiff challenged the discipline in state court, and succeeded in persuading the court to order a new disciplinary hearing, on the ground that the hearing officer should have considered evidence that the library allowed its clerks to have (and therefore presumably to highlight or otherwise mark) copies of materials for their personal use. *Greene v. Raemisch*, 791 N.W.2d 405 (Wis. App. 2010). There was no further hearing; the prison simply expunged the disciplinary order from the plaintiff's record; the order itself, however, had already been carried out.

The plaintiff then filed this suit. It charges that he had been punished not for violating any prison rules but instead for having exercised his freedom of speech by filing a grievance against Doruff. The district judge granted summary judgment for the defendants (Doruff and three other prison officials) on the ground that the

plaintiff had failed to establish "that the challenged action would not have occurred but for the constitutionally protected conduct." For support the judge quoted from *Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009), that "plaintiffs must show that their potential testimony, not their internal complaints, caused the assaults and threats. This means but-for causation. See *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009); *Mt. Healthy Board of Education v. Doyle*, 429 U.S. 274 (1977). Some decisions (*Matrisciano v. Randle*, 569 F.3d 723 (7th Cir. 2009), is the latest) say that a plaintiff just needs to show that his speech was a motivating factor in defendant's decision. These decisions do not survive *Gross*, which holds that, unless a statute (such as the Civil Rights Act of 1991) provides otherwise, demonstrating but-for causation is part of the plaintiff's burden in all suits under federal law." (Neither the plaintiff nor the defendants in this case argues that the decision of the Wisconsin court has a preclusive effect.)

*Fairley* had not mentioned *Spiegla v. Hall*, 371 F.3d 928, 941-43 (7th Cir. 2004), a decision that had been circulated to the full court in advance of publication and that after a lengthy discussion of case law had held that a plaintiff need only show that a violation of his First Amendment rights was a "motivating factor" of the harm he's complaining of, and that if he shows this the burden shifts to the defendant to show that the harm would have occurred anyway—that is, even if there hadn't been a violation of the First Amendment—and thus that the violation had not been a "but for" cause of the harm for which he is seeking redress.

That holding was not a Seventh Circuit innovation; it followed directly from the Supreme Court's decision in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977), also a First Amendment case and not overruled by *Gross*, which held rather that *Mt. Healthy* is inapplicable to suits under the Age Discrimination in Employment Act. *Gross v. FBL Financial Services, Inc., supra*, 129 S. Ct. at 2352 n. 6. *Gross* may have implications for suits under other statutes as well, see *Serafinn v. Local 722, International Brotherhood of Teamsters*, 597 F.3d 908, 915 (7th Cir. 2010); *Serwatka v. Rockwell Automation Services, Inc.*, 591 F.3d 957, 961-62 (7th Cir. 2010), but it does not affect suits to enforce First Amendment rights, such as *Spiegla*. The *Mt. Healthy* standard continues to govern such suits, see, e.g., *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 670 (7th Cir. 2009); *O'Bryant v. Finch*, 637 F.3d 1207, 1217 (11th Cir. 2011) (per curiam); *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011); *Eckerman v. Tennessee Dep't of Safety*, 636 F.3d 202, 207-08 (6th Cir. 2010); *Decotiis v. Whittemore*, 635 F.3d 22, 29-30 (1st Cir. 2011); *Anemone v. Metropolitan Transportation Authority*, 629 F.3d 97, 114 (2d Cir. 2011); *Anthoine v. North Central Counties Consortium*, 605 F.3d 740, 752 (9th Cir. 2010), and will do so until and unless the Supreme Court alters the standard.

It is true that two of our decisions, relying on the language we quoted from the *Fairley* opinion, suggest that *Gross* has superseded *Mt. Healthy* with respect to First Amendment rights, *Gunville v. Walker*, 583 F.3d 979, 984 n. 1 (7th Cir. 2009); *Kodish v. Oakbrook Terrace Fire Protec-*

*tion District*, 604 F.3d 490, 500-01 (7th Cir. 2010)—for which we've been criticized. See *Smith v. Xerox Corp.*, 602 F.3d 320, 328-30 (5th Cir. 2010). And it is also true that the district courts of this circuit have been puzzled by what they believe to be an unresolved conflict between *Fairley* and *Spiegla*. See, e.g., *Hanners v. Trent*, No. 09-3111, 2011 WL 777910, at *9 (C.D. Ill. 2011); *Nichols v. Schilling*, No. 10-CV-64, 2011 WL 1630981, at *12 (E.D. Wis. 2011); *Collins-Bey v. Hulick*, No. 3:09-cv-00921, 2011 WL 2116456, at *2 (S.D. Ill. 2011); *Sarlo v. Wojcik*, No. 08 C 2194, 2010 WL 3824161, at *5 (N.D. Ill. 2010). But the "conflict" is superficial and reflects merely the difficulty, remarked in *Maxwell v. KPMG LLP*, 520 F.3d 713, 716 (7th Cir. 2008) and *United States v. Dyer*, 216 F.3d 568, 570 (7th Cir. 2000), that judges have in writing clearly about causation. Nevertheless there is a tension in our cases, which we seek in this opinion to dispel; and so we have thought it appropriate to circulate the opinion, in advance of publication, to the entire court, under Rule 40(e) of our rules, for consideration of whether to hear the case en banc. No judge in regular active service voted to hear it.

Causation is a subject on which philosophers speak more clearly than lawyers. Philosophers make a useful distinction between what they call "necessary" and "sufficient" conditions. A necessary condition is something that has to happen for something else to happen. Being human is a necessary condition of going to college, because colleges do not admit other animals. A sufficient condition is something that, if it is present, something else is bound to happen; so being human is not a sufficient condition of going to college, because not all

human beings go to college. In contrast, dropping a lighted match into a bucket of gasoline is a sufficient condition for starting a fire, but it is not a necessary condition, because there are many other ways of starting a fire, such as by rubbing two sticks together. Notice that dropping a lighted match into an empty bucket would be neither a sufficient nor a necessary condition of starting a fire; usually many conditions must concur for an act to have specific causal consequences.

A "motivating factor," as the term is used in the cases, is a sufficient condition, but never a necessary one; if it were necessary, and thus a "but for" cause (as in "but for $X$, $Y$ would not have occurred": $X$ is a necessary condition of $Y$), the inquiry into causation would be at an end. But suppose Doruff had decided that he would seek to discipline any inmate who filed a grievance against him no matter how justified the grievance was, in order to deter the filing of grievances. That decision would be a sufficient condition of a violation of the First Amendment rights of someone like the plaintiff in this case, who filed a grievance. But it might not be a necessary condition. For suppose that the prison did have a rule that a library clerk can't use photocopies of library materials for his personal use and that if he does he will be confined to his cell and the photocopies destroyed. Then the clerk would have suffered the identical harm that he would have suffered had the discipline been intended as a reprisal for his exercise of First Amendment rights. In such a case the defendant's improper motive would have done no work, had no effect, left the world unchanged. Without an injury,

there is no tort, including a constitutional tort such as infringing a person's freedom of speech, so he would lose his case even though he had proved not only that his rights had been violated but also that the violation had been a sufficient condition for the imposition of the discipline.

*Mt. Healthy* allows a plaintiff (in that case a teacher who claimed that the school district's refusal to rehire him had been caused by his exercising his First Amendment right of free speech) to satisfy his burden of production on the issue of causation by showing that a violation of his rights was a sufficient condition of the harm for which he seeks redress; he need not show it was a necessary condition. But that isn't the end of the inquiry into causation. Relief for the violation of a constitutional right is inappropriate, the Court explained, "in cases where a dramatic and perhaps abrasive incident is inevitably on the minds of those responsible for the decision to rehire, and does indeed play a part in that decision even if the same decision would have been reached had the incident not occurred. The constitutional principle at stake is sufficiently vindicated if such an employee is placed in no worse a position than if he had not engaged in the conduct." 429 U.S. at 285-86.

We should for completeness consider the case, perhaps suggested by the Court's example of an incident "on the minds of those responsible for the decision to rehire," in which the motivating factor is so weak that, while in the picture, it had no actual causal force; present or absent, the result would have been the same. In such a

case the motivating factor would not have been a decision factor; it would have played no role. That is why we think it clarifies analysis to define a motivating factor as a sufficient (whether or not also a necessary) condition.

If the plaintiff satisfies his burden of proving a "motivating factor" in the sense just defined (which we think is what the cases mean by the term), the defendant is entitled to rebut with evidence that the plaintiff's exercise of his constitutional rights though a sufficient condition was not a necessary condition of his not being rehired; the harm (the refusal to rehire) would have occurred anyway. As the Court explained in *Mt. Healthy*, "the burden was properly placed upon [the plaintiff] to show that his conduct was constitutionally protected, and that this conduct was a 'substantial factor' or to put it in other words, that it was a 'motivating factor' in the Board's decision not to rehire him. [The plaintiff] having carried that burden, however, the District Court should have gone on to determine whether the Board had shown by a preponderance of the evidence that it would have reached the same decision as to respondent's reemployment even in the absence of the protected conduct." *Id*. at 287 (footnote omitted).

If the defendant fails to carry that burden, the inference is that "but for" causation (that is, a necessary condition) has been shown: the plaintiff would not have been harmed had his rights not been violated by the defendant. Thus *Fairley* is correct that "but for" causation must

be shown, though there are exceptions, as to most legal generalizations. Consider the exotic example of multiple fires of negligent origin. If each fire would have destroyed the plaintiff's property, so that all the fires were sufficient conditions of the harm but none was a necessary condition, nevertheless the firemakers would be jointly liable whether or not they were acting in concert. *United States v. Johnson*, 380 F.3d 1013, 1016 (7th Cir. 2004); *Anderson v. Minneapolis, St. Paul & Sault Ste. Marie Ry.*, 179 N.W. 45, 49 (Minn. 1920); *Cook v. Minneapolis, St. Paul & Sault Ste. Marie Ry.*, 74 N.W. 561, 564 (Wis. 1898); W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 41, pp. 266-67 (5th ed. 1984). (There are also cases in which unresolvable causal ambiguity is held sufficient for the imposition of tort liability, as in *Summers v. Tice*, 199 P.2d 1 (Cal. 1948).)

But *Spiegla* is also right: the burden of proof relating to causation is divided between the parties in First Amendment tort cases. To make a prima facie showing of causation the plaintiff must show only that the defendant's conduct was a sufficient condition of the plaintiff's injury. The defendant can rebut, but only by showing that his conduct was not a necessary condition of the harm—the harm would have occurred anyway.

So did the plaintiff in this case—a case governed by *Mt. Healthy*—present enough evidence to shift the burden of rebutting the causal inference to the defendant? The district judge was skeptical that Doruff knew about the plaintiff's grievance before he filed the conduct report that triggered the disciplinary hearing; and if

Doruff didn't know, the filing of the report could not have been a reprisal for the plaintiff's filing the grievance. But the plaintiff's testimony that he told the librarian about his grievance the day before Doruff filed the conduct report is telling contrary evidence; the librarian reports to Doruff and would be likely to pass along such information to him.

But there was also evidence that Doruff had borne "animus" (the judge's term, meaning hostility) against the plaintiff before the filing of the grievance (and hence before the conduct report) and that this was the real reason for the conduct report and a reason that, while possibly establishing a violation of state law, or even being a basis for a "class of one" equal protection case, *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam), would be unrelated to the First Amendment. But the judge did not say that Doruff had proved that his hostility toward the plaintiff would have triggered the conduct report regardless. An argument for the approach of *Mt. Healthy* is that it avoids putting a plaintiff to the burden of disproving a host of alternative hypotheses concerning possible causes of his harm.

The timing of Doruff's action, if we credit the plaintiff's testimony (as we must on this record) that he told the librarian about his grievance the day before Doruff filed the conduct report, together with the rather thread-bare nature of the report, was sufficient under *Mt. Healthy* to create a triable issue. Summary judgment in favor of the other three defendants—prison officials not implicated in Doruff's alleged violation of the plaintiff's

rights—was proper. But the judgment dismissing the claim against Doruff is reversed and the case remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.