NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 13, 2012[*]
Decided July 23, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1468

| | |
|---|---|
| JAMES FOSTER, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 07-3333 |
| CAROL ADAMS, et al., <br> *Defendants-Appellees.* | Richard Mills, <br> *Judge.* |

**O R D E R**

James Foster, a former state worker, appeals from the grant of summary judgment on his claim under 42 U.S.C. § 1983 that he was fired in retaliation for exercising his free-speech right to complain about the condition of state office buildings. The district court concluded that no evidence linked his speech to any employment injury. Although we have recently clarified the standard for causation in retaliation cases, here evidence of causation is lacking. We affirm the judgment.

---

[*]The parties have waived oral argument in this case, and thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Foster worked for the Illinois Department of Human Services as an office associate in the Bureau of Disability Determination Services. He was also a member of the American Federation of State, County, and Municipal Employees. As a union member, he served on the union's Executive Board as the Health and Safety Chairperson and investigated complaints from union members about the condition of state office buildings. After investigating complaints he would report safety concerns to management or help union members file grievances.

Foster raised a series of objections in 2002 and 2003 to the conditions at several state office buildings, complaining about mold, spider infestations, water leaks, asbestos, and mildew. On one occasion, he told defendants Tommy Bryden and James Neposchlan that bird feces contaminated the entryways to the Alzina Building, where he worked. Bryden assured Foster that the Department would fix the problem. Foster never discussed the condition of any other building with any of the defendants.

Later, in September 2003, Foster was arrested for distributing marijuana, after which Department officials disciplined him. According to the police report, Foster admitted that he sold marijuana to a coworker. The Department held a disciplinary meeting and decided to suspend him during his criminal trial. After a jury acquitted Foster, the Department placed him on paid administrative leave in 2005 while conducting its own review of the trial evidence to determine if he had violated the standards of conduct expected of state employees. Seven months later the Department convened a formal disciplinary meeting, concluded that Foster had sold illegal drugs to a coworker, and suspended him for 30 days.

After the suspension ended, Foster requested a one-year medical leave of absence, citing stress and anxiety. The Department never approved his request for a leave of absence, but Foster did not return to work anyway. After he accumulated 15 days of unauthorized absences, and failed to notify supervisors that he would be absent, the Department charged him with violating workplace rules and in 2006 fired him.

Foster sued the Department, alleging that it had retaliated against him because it disapproved of his complaints about the physical condition of state buildings. Foster identified three acts of retaliation: (1) placing him on administrative leave after he was acquitted of the distribution charge, (2) suspending him for 30 days after he was taken off of administrative leave, and (3) firing him. Following discovery, the Department moved for summary judgment, arguing that no evidence suggested that it retaliated against Foster because of his complaints about building conditions. The district court agreed with the defendants and granted the motion.

On appeal Foster disputes the standard for showing causation in retaliation cases. He contends that the district court incorrectly held that to survive summary judgment he had to furnish evidence that his complaints about building conditions were the "but for" cause of his discipline. Rather, he maintains, he only needed to supply evidence that his statements were a motivating factor in the Department's decisions. Foster argues that he put forward sufficient circumstantial evidence for a jury to conclude that his complaints about building conditions were a motivating factor. But rather than identify evidence that supports his claim, Foster attempts to shift that burden of production to the defendants. He argues that they did not adduce evidence (1) that he was disciplined because the defendants suspected him of having sold drugs, or (2) that workplace rules required him to get approval before taking a leave of absence and notify supervisors that he would not be coming to work.

Foster is correct that the district court applied the wrong causation standard. We recently clarified—in a decision issued after the district court's summary judgment ruling—that in presenting a prima facie case of First Amendment retaliation at summary judgment, the plaintiff need only show evidence that his speech was a "motivating factor," rather than the "but for" cause, of an adverse employment action. *Greene v. Doruff*, 660 F.3d 975, 977 (7th Cir. 2011); *see also Kidwell v. Eisenhauer*, 679 F.3d 957, at 964–65 (7th Cir. 2012) (discussing *Greene*). A prima facie case requires evidence that: (1) Foster engaged in activity protected by the First Amendment, (2) he suffered an adverse action that would likely deter free speech, and (3) the First Amendment activity was a motivating factor in the decision to retaliate. *Redd v. Nolan*, 663 F.3d 287, 294–95 (7th Cir. 2011); *Spiegla v. Hull*, 371 F.3d 928, 941–43 (7th Cir. 2004). *Greene* explains that a "motivating factor" is one that is a "sufficient condition" for an adverse action (the presence of the factor guaranteed the adverse action). *Greene*, 660 F.3d at 978–79. If—but only if—Foster furnishes a prima facie case, the burden shifts to the defendant to show that the retaliatory motive was not a "but for" cause, or a "necessary condition," of the adverse action (that is, even without the retaliatory motive, the adverse action would have occurred anyway). *Id.* at 980.

Although the district court applied the wrong standard because it did not have the benefit of *Greene*, our review is de novo, *Redd*, 663 F.3d at 292, and, as in *Kidwell*, we may affirm on any basis in the record, *Kidwell*, 679 F.3d at 965 n.1. As the defendants argued in their motion for summary judgment and again on appeal, Foster has failed to produce *any* evidence supporting the third element of his prima facie case that his complaints about building conditions motivated the decisions to put him on administrative leave, suspend him, and fire him. Foster candidly admitted in his deposition that he has no evidence that the defendants wanted him to lose his job because of his complaints. His appellate brief cites none either. He does not even argue that this case involves suspicious timing, which in an appropriate case can yield an inference of retaliatory intent. *See Coleman v. Donahoe*, 667

F.3d 835, 860 (7th Cir. 2012); *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 501 (7th Cir. 2010). The earliest allegedly retaliatory act—placing Foster on administrative leave—happened in December 2005, at least *two years* after Foster complained about conditions in his building and other state office buildings. *See Coleman*, 667 F.3d at 861 (interval of a few months might be evidence of causal nexus if there is corroborating evidence of retaliatory motive); *Benuzzi v. Bd. of Educ.*, 647 F.3d 652, 666 (7th Cir. 2011) (two-month time frame too long to support inference of causality); *George v. Walker*, 535 F.3d 535, 539 (7th Cir. 2008) (20-month gap between speech and action too long to support, by itself, an inference of causal connection).

Without a prima facie case linking a retaliatory motive to the discipline, the Department did not need to produce evidence of a non-retaliatory motive. *Greene*, 660 F.3d at 980. But it did: The Department concluded that Foster sold marijuana to a coworker and excessively missed work; this misconduct necessitated the discipline and discharge. Although Foster questions whether the Department correctly concluded that he violated workplace rules, his questions are irrelevant without a prima facie case.

AFFIRMED.