NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 24, 2012[*]
Decided October 25, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3225

| | |
|---|---|
| JERMAINE L. KING,<br>    *Plaintiff–Appellant,* | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 08-3213 |
| DON L. SCHIEFERDECKER, et al.,<br>    *Defendants–Appellees.* | Sue E. Myerscough,<br>*Judge.* |

**O R D E R**

Jermaine King sued the Illinois Department of Human Services, his former employer, and some coworkers, contending that the Department fired him because he is black and to retaliate against him for complaining about discrimination. King also sued the County of Schuyler and its sheriff for, he says, following a policy that violated the Fourth Amendment when the sheriff ordered officers to strip-search him in 2007. King connects these claims by arguing that his workplace and law-enforcement injuries arose from the same source: his coworkers falsely reported to both his employer and the sheriff that he was transporting

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

cannabis to work. The district court dismissed some defendants and granted summary judgment for others. On appeal King challenges several of the district court's discretionary decisions. Because the district court did not abuse its discretion in these rulings, we affirm the judgment.

The procedural history of the case is straightforward. The defendants moved to dismiss King's federal claims in his original complaint, contending that they failed to state a claim. *See* FED. R. CIV. P. 12(b)(6). Rather than oppose the defendants' motion, King amended his complaint to allege specifically how and when each defendant discriminated, retaliated, or otherwise wronged him, and he added exhibits purportedly bolstering his allegations. Contending that the amended complaint remained deficient, the defendants again moved to dismiss, and this time the district court granted the motion in part. It dismissed as legally unfounded King's claims that, after he complained of discrimination, defendants conspired to violate his free-speech, equal-protection, and state-law rights. But King's employment-law claims under Title VII and § 1983 against State defendants and his strip-search claims against the County defendants survived.

King requested leave to amend a second time to allege how various defendants were personally involved in the conspiracy against him, to resurrect the dismissed claims, and to add new ones. The court denied the request. It reasoned that King had twice put the defendants to the burden of moving to dismiss allegations that King could have pleaded in his original complaint. Moreover, the court added, more than a year had passed since King launched the litigation, and giving him a third chance to plead allegations available to him all along would essentially restart the case, causing undue delay and prejudice to the defendants.

The County and State defendants separately moved for summary judgment. The County argued that, based on reliable tips that King was surreptitiously bringing cannabis to his job site, the sheriff reasonably suspected that King was hiding drugs on his body. And relying on King's long history of workplace abandonment and insubordination, the Department contended that it had valid reasons to fire him. In response, King moved to strike the affidavits accompanying the summary-judgment motions and to "stand" on his verified complaint in lieu of submitting a statement opposing the defendants' motions. The court denied King's two motions, ruling that the affidavits were proper and that King's complaint did not conform with the requirements of the local rules for opposing motions for summary judgment. It then granted the defendants' motions, ruling that the sheriff had reasonable suspicion to search King and that King failed to show that the Department discriminated or retaliated against him. The court allowed King's *Monell* challenge to the County's strip-search policy to go forward, but on September 9, 2011, the court granted King's motion to dismiss without prejudice that claim.

We first address appellate jurisdiction. The district court's dismissal without prejudice of the *Monell* claim against the County creates the risk of piecemeal appeals and thus might ordinarily imperil our jurisdiction. *See Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633, 636 (7th Cir. 2010); *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 235 F.3d 360, 363–64 (7th Cir. 2000). That claim, however, is now time-barred because the two years that King had to sue the County for his injuries in 2007, *see Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 805 (7th Cir. 2008), has passed. And although Illinois tolling rules allow a plaintiff one extra year from the date of dismissal to refile a voluntarily dismissed claim, 735 ILCS 5/13-217, that time also has elapsed. Finally, King has told the court in his response to the sheriff's jurisdictional memorandum that we should treat the dismissal with prejudice. Thus, with no risk of piecemeal appeals, appellate jurisdiction is secure.

We next turn to King's first argument that the district court should not have denied his second motion for leave to amend his complaint. *See* FED. R. CIV. P. 15(a)(2). He contends that the defendants would not have been prejudiced by his amendment and any delay was brief. A district court has broad discretion to deny a motion for leave to amend a complaint if allowing the amendment would unnecessarily delay the case or prejudice the parties. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *Thompson v. Ill. Dept. of Prof. Reg.*, 300 F.3d 750, 759 (7th Cir. 2002). Prejudice or delay sufficient to justify the denial can occur when the plaintiff has already received a chance to amend his complaint to fix flaws cited in a motion to dismiss, but failed to do so. *Thompson*, 300 F.3d at 759. That occurred here: King had the chance in both his original complaint and again, after the defendants alerted him to its defects, in his amended complaint to cure its failings. Because King forced the defendants to brief the flaws in his complaint twice over two years, the court properly found prejudice and denied King a third opportunity to cure the problems. *See id.*; *Feldman v. American Memorial Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999).

King next argues that the district court improperly denied his motion to strike the affidavits used in the defendants' motions for summary judgment. The affiants all state that before a notary they affirm and swear to the truth of their statements, which they make on personal knowledge. King contends, however, that the court should have rejected the affidavits for three reasons. First, he maintains, the affiants were required under 28 U.S.C. § 1746 to add "under the penalty of perjury" to their sworn statements. Second, he disputes that each affidavit was based on personal knowledge. Last, he argues that because the defendants did not respond to his motion to strike, they necessarily conceded that the affidavits are insufficient; he cites the court's Local Rule 7.1(B), which generally requires a response to a motion.

King is wrong about the affidavits. First, the requirement in § 1746 that an affiant refer to the penalties for perjury applies only to *unsworn* declarations. *See Owens v. Hinsley*, 635 F.3d 950, 954–55 (7th Cir. 2011). Here each affidavit is sworn, signed, and notarized. They are thus proper for a motion for summary judgment. *See* FED. R. CIV. P. 56(c)(4); *Jajeh v. Cnty. of Cook*, 678 F.3d 560, 568 (7th Cir. 2012). Also, the court specifically addressed King's concerns about personal knowledge and refused to consider any asserted facts that were not based on personal knowledge; indeed, King cannot identify a single fact in the district court's decision that was based on an affiant lacking personal knowledge. Finally, King's reliance on Local Rule 7.1(B) is misplaced. That rule applies only to motions *other than* those for summary judgment. King's motion to strike was his response to the defendants' summary-judgment motions. Under Rule 7.1(D)(3), the defendants *may*, but need not, reply to that response. Thus, the court properly considered the affidavits and denied King's motion to strike.

King next argues that the district court should have granted his motion to stand on his verified amended complaint. He maintains that the paragraphs in his complaint were sufficient to satisfy his obligation to submit a factual statement opposing summary judgment. But he ignores that a district court has broad discretion to enforce strictly its local rules governing summary judgment. *See Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 537 (7th Cir. 2011); *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010). Under Local Rule 7.1(D), a party's submission opposing a motion for summary judgment must respond to each factual assertion in the movant's fact statement, specify which facts are material, identify any additional material facts, and argue why the court should deny the motion. LOC. R. 7.1(D)(2). King's amended complaint includes none of this required content. In any case, the district court considered the facts in King's amended complaint in making its decisions. The court thus acted within its discretion.

Finally, King contends that the district court erred in granting summary judgment because, he says, the defendants themselves did not comply with the local rules in their motions for summary judgment, the district court did not specify which submitted facts it relied on in granting their motions, and the court considered case law beyond the parties' briefs. King is wrong on all points. The defendants' motions complied with Local Rule 7.1(D)(1) because they contain the required introduction, statements of undisputed material facts, and legal arguments. Also, the district court specified at great length the facts and legal reasons for its decision to grant the motions, just as is required. *See* FED. R. CIV. P. 56(a). And in reaching its conclusions, the court could consider materials not cited by either party, *see* FED. R. CIV. P. 56(c)(3), and grant summary judgment on a ground not raised by either party, *see* FED. R. CIV. P. 56(f)(2).

King fails to challenge the merits of the district court's grant of summary judgment. But any potential argument he could have made would fail even if King had properly made them.

King could not establish a case of discrimination or retaliation in his discharge because his employer had ample reason for firing him. King had an undisputed history of infractions as a Security Therapy Aide for the Illinois Department of Human Services: He abandoned his post without notice, slept on the job, misused sick time, violated his perimeter duties, violated work-away procedures (which would allow him to perform state-related work at a different facility), was insubordinate and insolent, and failed to report to an overtime shift. He offers no evidence of discriminatory or retaliatory animus. *See Coleman v. Donahoe*, 667 F.3d 835, 845, 859 (7th Cir. 2012); *Luster v. Ill. Dept. of Corr.*, 652 F.3d 726, 730 (7th Cir. 2011). Nor did he identify any similarly situated coworkers who were treated better than him. *Coleman*, 667 F.3d at 845–46; *Salas v. Wis. Dept. of Corr.*, 493 F.3d 913, 926 (7th Cir. 2007). Nor did King offer evidence that but-for his complaints he would not have been reprimanded or fired. *See Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012); *Greene v. Doruff*, 660 F.3d 975, 979–80 (7th Cir. 2011).

Nor could King successfully challenge the court's conclusion that the sheriff had reasonable suspicion to strip-search him. Before conducting a strip search, the officers needed a reasonable suspicion that King was concealing drugs. *See Bell v. Wolfish*, 441 U.S. 520, 558–60 (1979); *Campbell v. Miller*, 499 F.3d 711, 717 (7th Cir. 2007); *Kraushaar v. Flanigan*, 45 F.3d 1040, 1045–46 (7th Cir. 1995); *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1273 (7th Cir. 1983). That standard was met here. Multiple people informed the sheriff that King had an outstanding arrest warrant and was planning to take drugs into his work facility. Some of this information came from a co-worker close to King who had previously reported credible information about a different employee involved in illegal drug activity. Based on this information, the sheriff directed officers to stop King's car. The officers then patted down King and searched his vehicle with his consent. Because the sheriff was told specifically that King was planning to bring drugs to work, and neither the pat down or search of the car revealed any evidence, the sheriff had reasonable suspicion to search King's body further, which led to the strip-search at the jail.

We have reviewed the remainder of King's arguments, but none has merit.

**AFFIRMED**.