NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2013
Decided February 22, 2013[*]

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1794

|  |  |
|---|---|
| ROBERT L. HOLLEMAN, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> CHARLES PENFOLD, *et al.,* <br> *Defendants-Appellees.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:09-cv-1510-TWP-DKL <br><br> Tanya Walton Pratt, <br> *Judge.* |

**O R D E R**

Robert Holleman, an Indiana prisoner, appeals the grant of summary judgment in favor of guards and employees of the Wabash Valley Correctional Facility in this suit under 42 U.S.C. § 1983 claiming retaliation in violation of the First Amendment. Because Holleman failed to make out a prima facie case of retaliation, we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

At the outset we note that the district court was within its discretion to adopt the defendants' version of the facts, because Holleman failed to comply with the court's local rules by not supporting his "statement of material facts in dispute" with appropriate citations to admissible evidence. *See* S.D. Ind. L.R. 56.1 (b), (e); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 359–60 (7th Cir. 2009). Accordingly, our version of the facts mirrors the one adopted by the district court.

In March 2008, Holleman was assigned to the G-House unit at Wabash. He noticed that, despite a Wabash policy allowing prisoners to leave their cells for up to twenty minutes to finish their meals, guards in G-House gave prisoners between only six and eleven minutes to eat. Holleman decided during several meals to remain out of his cell for the full twenty minutes—even after guards ordered prisoners to lock up. When one guard, Amanda Pirtle, saw Holleman outside his cell, she accused him of holding up "her chow line" and told him he would be would be eating last from then on. Pirtle and another guard then searched Holleman's cell and, during one lunch, did not allow him to eat with the other prisoners in the common room. Holleman twice sent written complaints about Pirtle's actions to Marty Hale, a case manager in G-House. Holleman believes that, in retaliation for these letters as well as his refusals to lock up, the defendants denied him a job as the G-House barber (despite his barber's license); caused several of his library passes, commissary orders, and grievances to "disappear"; and charged him with—and found him guilty of—disorderly conduct.

The district court concluded that Holleman did not present sufficient evidence to make out a prima facie case of retaliation under the First Amendment. *See Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012). The court determined that, though Holleman's letters to Hale were protected by the First Amendment, *see Gomez v. Randle*, 680 F.3d 859, 866–67 (7th Cir. 2012); *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005), his actions in remaining outside his cell to eat after being told to lock up were not. The court concluded that Holleman provided no evidence to establish that his protected conduct caused the defendants to retaliate against him.

On appeal, Holleman denies that his remaining outside his cell to finish meals was not activity protected by the First Amendment; in his view he was opposing his conditions of confinement and merely following the policy that allotted prisoners up to twenty minutes to eat. But Holleman may not use § 1983 to challenge a violation of state law or prison rules; § 1983 protects plaintiffs only from constitutional violations. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *see also Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 485 n.1 (7th Cir. 2011). Holleman did, however, have a First Amendment right to complain about his conditions of his confinement. *See Gomez*, 680 F.3d at 866–67; *Hasan*, 400 F.3d at 1005. But his confrontational approach in opposing the guards' actions and disobeying orders to lock up was inconsistent with the guards' legitimate penological interests in maintaining order

and discipline, and thus unprotected by the First Amendment. *See Watkins v. Kasper*, 599 F.3d 791, 797–98 (7th Cir. 2010); *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006).

Holleman next challenges the district court's conclusion that he provided no evidence that his protected activity motivated the defendants to retaliate against him. He contends that he provided such evidence in the form of testimony from a hearing under *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), and that the district court erred when it adopted the defendants' version of the facts rather than considering that testimony. At the *Pavey* hearing his former cellmate, Ray Milano, testified to being told by one officer at Wabash that he had not received a job in G-House because he was sharing a cell with Holleman. Also at that hearing, Holleman's classification supervisor, Mathew Loehr, testified that retaliation by Wabash staff had occurred "at times." Holleman asserts that he was unable, through no fault of his own, to cite this information in his statement of material facts because the district court, during the relevant period, made the transcript available only via its Case Management/Electronic Case Filing system, which Holleman could not access.

Because Holleman received notice that failing to provide proper citations could lead to the admission of the defendants' version of the facts, *see Outlaw v. Newkirk*, 259 F.3d 833, 841–42 (7th Cir. 2001); *Houston v. Sidley & Austin*, 185 F.3d 837, 838 n.1 (7th Cir. 1999), the district court was entitled to require strict compliance with its local rules, *see, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630–31 (7th Cir. 2010); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Holleman did not even try to provide citations to the materials that were available to him (his affidavit or the defendants' discovery responses), nor did he file an appropriate motion under Federal Rule of Civil Procedure 56(d), supported by an affidavit, to explain his need for the transcript to the court and request further time to respond to the defendants' submission. *See Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir.2006); *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011). And even if we take into account the testimony of Milano and Loehr, or for that matter Holleman's affidavit, he still cannot establish that the defendants took any actions because of his protected activities. *See Kidwell*, 679 F.3d at 964; *Greene v. Doruff*, 660 F.3d 975, 978–80 (7th Cir. 2011). Holleman's statements in his affidavit and Milano's testimony about what officers at Wabash told them are inadmissible hearsay. *See Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 942 (7th Cir. 2012); *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 774–75 (7th Cir. 2012). And Loehr's testimony that retaliation has occurred at Wabash tells us nothing about what motivated these particular defendants in their interactions with Holleman.

**AFFIRMED**.