In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2218

TIBERIUS MAYS,

*Plaintiff-Appellant*,

*v.*

JEROME SPRINGBORN, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 1:01-cv-01254-HAB-JAG—**Harold A. Baker**, *Judge*.

SUBMITTED APRIL 30, 2013—DECIDED JUNE 11, 2013

Before CUDAHY, POSNER, and ROVNER, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff, a former inmate of the Illinois state prison at Stateville, brought this suit in 2001 under 42 U.S.C. § 1983 against prison officials who he claims violated his constitutional rights in a variety of ways. The violations alleged included subjecting him to improper strip searches intended to humiliate him, thus violating his Eighth Amendment right against being subjected to cruel and unusual punishments,

see *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003), and subjecting him to an especially protracted, gratuitous, and humiliating strip search in retaliation for his having filed grievances complaining about the earlier searches, thus violating his First Amendment right to petition government for the redress of grievances. *Dobbey v. Illinois Department of Corrections*, 574 F.3d 443, 446-47 (7th Cir. 2009). The district court granted judgment as a matter of law in favor of the defendants. We reversed and remanded. *Mays v. Springborn*, 575 F.3d 643 (7th Cir. 2009) (per curiam).

The case went to trial and the jury returned a verdict in favor of the defendants. The plaintiff again appeals, this time complaining about the jury instructions and about special interrogatories that the judge submitted to the jury. Because the plaintiff's lawyer failed to object to the instructions and interrogatories, we can reverse only if we find a "plain" error, meaning an error at once indisputable and likely to have influenced the outcome. *United States v. Olano*, 507 U.S. 725, 734-35 (1993); *Lewis v. City of Chicago Police Dep't*, 590 F.3d 427, 434 (7th Cir. 2009); Fed. R. Civ. P. 51(d)(2). The state says in its brief that even if the judge "plainly erred . . . any such error does not entitle [the plaintiff] to a new trial because [he] agreed with the instruction and has not shown that the outcome probably would have been different if the jury had been properly instructed." That is equating "plain error" to "clear error"—a usage that can lead to confusion because it suggests that not all "plain errors" allow plain error review (that is, allow reversal even if the error was not objected to in the trial court). To

align the phrase "plain error" with the *doctrine* of plain error requires defining "plain error" to mean a clear error that is prejudicial, which is the usage found in cases such as *United States v. Paladino,* 401 F.3d 471, 481-82 (7th Cir. 2005), and *United States v. Driver,* 242 F.3d 767, 770 (7th Cir. 2001).

The state denies that any clear errors had a prejudicial effect in this case, arguing that the jury probably would have found for the defendants even under a proper instruction because they "testified that they were not aware of [the plaintiff's] grievances about the strip search procedures." But this assumes that the jury would have believed the defendants' testimony, which was contrary to that of the plaintiff and the other prisoners who testified. The jury may, for all we know, have believed the prisoners' testimony yet ruled in favor of the defendants because of the judge's errors—to which we now turn.

With respect to the Eighth Amendment issues, the judge submitted to the jury a special interrogatory that asked it to state regarding each defendant whether he did or did not "have a valid penologic reason for the group search conducted [in a specified month or on a specified date]." The interrogatory was misleading. There may have been a valid penological reason for the search, yet it may not have been the reason or a reason; the reason may have been to humiliate the plaintiff. And as explained in our previous opinion yet unaccountably overlooked by the district judge, even if there was a valid penological reason "the manner in

which the searches were conducted must itself pass constitutional muster." *Mays v. Springborn*, *supra*, 575 F.3d at 649. The plaintiff's evidence was that the searches were group searches that gratuitously exposed to other prisoners the nudity of each prisoner being searched and that the guards conducted the searches wearing dirty gloves in a freezing basement and uttering demeaning comments to the prisoners being searched, for example comments about their private parts.

While acknowledging backhandedly that the judge had erred in instructing the jury that "in order to prevail on his claim of retaliation, the plaintiff must prove that the grievances filed by the plaintiff were the sole cause of the particular strip search" that he contends was retaliatory, the state argues that it is not enough for him to prove that his filing of grievances was a "motivating factor" in the defendants' deciding to retaliate. Citing *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), the state argues that the plaintiff had the further burden of proving that the search he claims was retaliatory would not have been conducted had it not been for his grieving the previous searches. In so arguing the state ignores (failing even to cite) our opinion in *Greene v. Doruff*, 660 F.3d 975, 977 (7th Cir. 2011), in which we held, distinguishing both *Gross* and *Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009)—a decision, applying *Gross*, on which the state in this case heavily relies—that the rule of *Gross* and *Fairley* is inapplicable to First Amendment cases. They remain controlled by *Mt. Healthy Board of Education v. Doyle*, 429 U.S. 274 (1977), under which "the burden of proof

relating to causation is divided between the parties in First Amendment tort cases. To make a prima facie showing of causation the plaintiff must show only that the defendant's conduct was a sufficient condition of the plaintiff's injury [that is, sufficient to cause it]. The defendant can rebut, but only by showing that his conduct was not a necessary condition of the harm—the harm would have occurred anyway." *Greene v. Doruff*, *supra*, 660 F.3d at 980; see also *Spiegla v. Hull*, 371 F.3d 928, 941-43 (7th Cir. 2004).

In instructing the jury, the judge put the burden of proof regarding causation on the wrong party, as is plain from our decision in *Greene*, by requiring the plaintiff to negate the possibility that the retaliatory strip search would have occurred even if there had been no retaliatory motive. We have trouble understanding how the state's lawyers could have overlooked *Greene*—a decision squarely on point that has been cited in 54 judicial opinions, a decision that a check of citations to *Fairley* (which as we said the state relied on heavily in this case) in Westlaw's "citing references" program would have revealed, and a decision that the plaintiff cited multiple times in his opening brief—and that the state still ignored. This was ostrich conduct.

The jury should have been instructed that the plaintiff had the burden of proving that retaliation was a motivating factor in the strip search, but that, even if he proved this, the defendants could still prevail if they persuaded the jury that it was more likely than not that the strip search would have taken place even if there had been no retaliatory motive. The failure to give

such an instruction was—in light of *Greene* and the fact that if the testimony of the plaintiff and the other inmates who testified was believed retaliation had indeed been a motivating factor—plain error. The judge compounded the error in his special interrogatories, which four times asked the jury to determine whether retaliation was "the *sole* motivating factor for the" strip search that Mays contends was retaliatory (emphasis added).

The district judge's failure to give a correct instruction is difficult to understand, since our previous opinion in this case had clearly set forth the applicable standard: "To establish a prima facie case of retaliation, a prisoner must show that a protected activity—appellees concede that his complaint about the searches qualifies—was 'at least a motivating factor' in retaliatory action taken against him, i.e., action that would likely deter protected activity in the future. The burden then shifts to the defendants to show that they would have taken the action despite the bad motive." *Mays v. Springborn, supra*, 575 F.3d at 650 (citation omitted). The Seventh Circuit Pattern Civil Jury Instructions 6.01 and 6.02 (2005) say the same thing in slightly different words. The judge forgot to shift the burden, and the parties failed to catch his error.

The judgment is reversed with instructions to conduct a new trial. Circuit Rule 36 shall apply on remand.

REVERSED AND REMANDED.