2020 IL App (3d) 180195

Opinion filed July 7, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| JAMAL TAYLOR, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-18-0195 |
| | ) | Circuit No. 15-CH-1413 |
| | ) | |
| EDWARD HUNTLEY, TARRY WILLIAMS, | ) | |
| E. MICHALEK, and JOHN DOE, | ) | Honorable |
| | ) | Arkadiusz Z. Smigielski, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices McDade and Wright concurred in the judgment and opinion.

_____

**OPINION**

¶ 1      The circuit court granted the oral motion to dismiss presented by the defendants, Edward Huntley, Tarry Williams, E. Michalek, and John Doe, thus dismissing the complaint filed by the plaintiff, Jamal Taylor. The plaintiff appeals.

¶ 2                                I. BACKGROUND

¶ 3      The plaintiff is an inmate in the custody of the Illinois Department of Corrections (IDOC). In 2013, the plaintiff entered into a settlement agreement with the IDOC based on two actions the plaintiff filed in federal court. The agreement provided that the plaintiff would receive $1500 and

be transferred to Stateville Correctional Center. The agreement further stated, "Nothing in this agreement shall restrict the IDOC from transferring [the plaintiff] at any time to another correctional facility for any valid penological reason."

¶ 4     In July 2014, the IDOC began investigating allegations that another Stateville inmate had a gun and the plaintiff knew about it. While conducting the investigation, the plaintiff was transferred to Pontiac Correctional Center. Upon conclusion of the investigation, no disciplinary action was taken against the plaintiff. However, the plaintiff was not transferred back to Stateville.

¶ 5     Based on his transfer from Stateville, the plaintiff filed motions in federal court, under the same case numbers that his settlement agreement stemmed from, contending that the defendants breached the agreement by transferring him to Pontiac. The district court denied the motions, finding that it did not retain jurisdiction to enforce the agreement. The plaintiff then filed an action in the Court of Claims, but filed a motion to voluntarily dismiss the action, which was granted.

¶ 6     Subsequently, the plaintiff filed a complaint in the circuit court, which is the subject of this appeal. The plaintiff's second amended complaint stated that the transfer from Stateville (1) amounted to a breach of the settlement agreement because there was no valid penological reason for the transfer and (2) violated the first amendment because it was done in retaliation for the original federal actions that he had filed. The plaintiff sought to be transferred back to Stateville "with all his privileges he held before his retaliatory transfer," including his prison job.

¶ 7     The defendants filed a motion for summary judgment, which stated that the plaintiff had presented no evidence that the settlement agreement had been breached. The defendants argued that there was a valid penological reason for the transfer and attached the transfer documentation, which stated that the plaintiff was placed under investigative status and transferred due to safety and security concerns. The defendant cited *Evans v. Godinez*, 2014 IL App (4th) 130686, ¶ 39, for

the proposition that maintaining safety and security was a valid penological interest. The plaintiff filed a motion to stay the motion for summary judgment or for additional time to respond to the motion. In the motion, the plaintiff stated that he had a federal retaliation case pending in federal court, "pertaining to the same incident of [the plaintiff] being transfer[red] from Stateville to Pontiac and placed under investigation." The plaintiff attached docket entries from his pending federal case.

¶ 8        On the day the case was set for decision on the motion for summary judgment, the defendants orally moved to dismiss the case pursuant to section 2-619(a)(3) of the Code of Civil Procedure (Code) because the plaintiff had a retaliation case pending in federal court pertaining to the same incident. 735 ILCS 5/2-619(a)(3) (West 2018). The court dismissed the case with prejudice, finding that the plaintiff's federal case had the same parties and the same subject matter.

¶ 9        The plaintiff filed a motion to reconsider the court's dismissal. The plaintiff argued that, although the federal case arose out of the same incident, it involved different subject matter. Specifically, the plaintiff stated that his federal case concerned the plaintiff's "constitutional rights being violated due to retaliation by the [d]efendants, a claim [he] cannot raise in the state court," and that he raised a claim regarding the breach of the settlement agreement in state court because he could not raise it in federal court. He stated that "[b]oth causes arose from the same incident of [his transfer] from Stateville to Pontiac pending investigation but different subject matters." The court denied the motion, and the plaintiff appealed.

¶ 10                                    II. ANALYSIS

¶ 11        On appeal, the plaintiff contends that the court erred in granting the motion to dismiss. Section 2-619(a)(3) of the Code allows the court to dismiss an action when "there is another action

3

pending between the same parties for the same cause." *Id.* "Section 2-619(a)(3) is a procedural device designed to avoid duplicative litigation." *Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 852 (2010). We consider a circuit court's dismissal pursuant to section 2-619(a)(3) for an abuse of discretion and will only reverse if the ruling is arbitrary or no reasonable person would take the same view. *Schacht v. Lome*, 2016 IL App (1st) 141931, ¶ 34.

¶ 12    The defendants ask us to take judicial notice of the docket and complaint from the plaintiff's federal district court action at issue. The plaintiff does not object, instead also relying on the documents in his reply brief. We will take judicial notice of the documents as they are a public record. *First State Bank of Princeton v. Leffelman*, 167 Ill. App. 3d 362, 367 (1988).

¶ 13    First, we consider whether the two actions contained the same parties. "The same-parties requirement is satisfied where the litigants' interests are sufficiently similar even though[ ] the litigants may differ in name or number." *In re Estate of LaPlume*, 2014 IL App (2d) 130945, ¶ 36. The documents indicate that the plaintiff named the following people as defendants in the federal action: Huntley, Williams, Michalek, Doe, Michael Magana, and James Sullivan. Thus, both cases contained the same defendants. The fact that two additional defendants were added in the federal case is without consequence. See *id.* The plaintiff argues that the parties were not the same because some of the original defendants were ultimately dismissed from the case. We find this to be irrelevant. The parties to both cases had sufficiently similar interests. It appears that all the defendants are internal affairs officers, or have some other job, at Stateville.

¶ 14    Next, we consider whether the cases were for the same cause. Two actions arise out of the same cause when the requested relief in both cases is based on substantially the same set of facts. *Id.* "The actions need not be identical; 'the crucial inquiry is whether both arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof, or relief sought

4

materially differs between the two actions.' " *Schacht*, 2016 IL App (1st) 141931, ¶ 34 (quoting *Jackson v. Callan Publishing, Inc.*, 356 Ill. App. 3d 326, 337 (2005)). Both cases arose from the exact same incident: the plaintiff's transfer from Stateville to Pontiac. It does not matter that the plaintiff argued separate legal theories in each case. Moreover, even though both actions involved different legal theories, "the outcome in one action will determine the outcome of the other action." *Midas International Corp. v. Mesa S.p.A.*, 2013 IL App (1st) 122048, ¶ 20. When reaching the merits of both of the plaintiff's arguments, either court would have to determine whether there was a valid penological reason to transfer the plaintiff to Pontiac. If there was one, there would be no breach of contract and the plaintiff's first amendment rights would not have been violated, as the defendants would have shown that they had a nonretaliatory reason for transferring the plaintiff. See *Mays v. Springborn*, 719 F.3d 631, 634-35 (2013). Because both cases concerned the same parties for the same cause, the court did not abuse its discretion in granting the defendants' section 2-619(a)(3) motion to dismiss.

¶ 15    In coming to this conclusion, we note that the plaintiff argues that the court erred by failing to explicitly consider the factors set out in *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447-48 (1986). We reject this argument. First, it is not a requirement that the court consider the *Kellerman* factors when determining whether to dismiss a case pursuant to section 2-619(a)(3); courts have upheld such dismissals without citation to, or analysis of, the factors. See *Kapoor v. Fujisawa Pharmaceutical Co.*, 298 Ill. App. 3d 780, 789 (1998); *Davis v. Davis*, 2019 IL App (3d) 170744, ¶¶ 13-14; *Schacht*, 2016 IL App (1st) 141931, ¶¶ 35-39. Second, the plaintiff has not provided a complete record of the report of proceedings on appeal. For example, the record on appeal does not include the transcripts from the court's decision on his motion to reconsider the dismissal, where the court may have provided further insight into its decision to dismiss the case.

5

As the appellant, the plaintiff bears the burden of providing this court with a complete record. *Schacht*, 2016 IL App (1st) 141931, ¶ 35. Third, the plaintiff does not provide any argument regarding the specific factors and what he thinks weighed on the side of denying the motion to dismiss.

¶ 16                                    III. CONCLUSION

¶ 17          The judgment of the circuit court of Will County is affirmed.

¶ 18          Affirmed.

**No. 3-18-0195**

| | |
|---|---|
| **Cite as:** | *Taylor v. Huntley*, 2020 IL App (3d) 180195 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 15-CH-1413; the Hon. Arkadiusz Z. Smigielski, Judge, presiding. |
| **Attorneys for Appellant:** | Jamal Taylor, of Galesburg, appellant *pro se*. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Nadine J. Wichern, Assistant Attorneys General, of counsel), for appellees. |