**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250176-U

Order filed January 28, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| AMIT EMROSKI, EMRULLAI EMROSKI and MEGAN AUTO WORKS, INC., | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0176 Circuit No. 23-LA-1107 |
| | ) ) | Honorable |
| ZAIM SAKIRI and ALBA CONSTRUCTION, INC., | ) ) | David E. Schwartz, Judge, Presiding. |
| Defendants-Appellees. | ) ) | |

_____

JUSTICE BERTANI delivered the judgment of the court.
Presiding Justice Hettel and Justice Anderson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:    The circuit court did not act improperly when it dismissed the instant action after a different judge had already denied defendant's motion to dismiss.

¶ 2    Plaintiffs, Amit Emroski, Emrullai Emroski, and Megan Auto Works, Inc. (collectively plaintiffs), filed a law division action in the Du Page County circuit court against defendants Zaim Sakiri and Alba Construction, Inc. (Alba) alleging fraud and misrepresentation. At the time they filed this action, another matter was pending in the chancery division in which Alba was attempting

to enforce a mechanic's lien against plaintiffs. The chancery court denied Sakiri's motion to dismiss the law division case under section 2-619(a)(3) of the Code of Civil Procedure (Code), severed the two matters, and returned the instant matter to the law division. 735 ILCS 5/2-619(a)(3) (West 2024). A law division judge later granted Sakiri's motion. Plaintiffs appeal this decision, arguing that the motion to dismiss was no longer pending and that the court acted improperly by entering an order contrary to the original order denying the motion. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Alba filed an action in the chancery division against plaintiffs to enforce a mechanic's lien for construction work performed on the Emroskis' property. Later, plaintiffs filed a law division claim against Alba and Sakiri as its president alleging fraud and other misrepresentations related to the contract for the construction of the same building that was the subject of the mechanic's lien matter. Plaintiffs later filed an amended complaint removing Alba as a party, leaving Sakiri as the sole defendant.

¶ 5        Sakiri's attorney, who was also Alba's attorney in the chancery case, filed a motion to dismiss or to consolidate the law division case with the chancery division case on January 31, 2024. It alleged that the matter should be dismissed pursuant to section 5/2-619(a)(3) of the Code because the chancery matter was already pending. *Id.* The caption of the motion contained several errors. It named the parties of the chancery division case instead of the law division case and used the chancery division caption. However, it included the law division case number and was filed in the law division case. Sakiri filed an identical motion in the same case on March 1, 2024. The judge in the chancery division denied the motion to dismiss on July 19, 2024. The court also severed the two cases and ordered the law division case assigned to another judge.

2

¶ 6        The parties appeared in front of a different judge in the law division, and Sakiri erroneously indicated that his motion to dismiss was never decided, though plaintiffs correctly argued that it had. At a subsequent hearing on the motion, Sakiri argued that the chancery court had tried and entered a final judgment in the chancery case and that *res judicata* required that dismissal enter. The court granted Sakiri's motion and dismissed the case. It noted that plaintiffs' complaint alleged breach of contract, fraud, and that Sakiri filed and sued upon an inflated lien. Each count was directed at Sakiri individually and related to his behavior regarding the same building project that was the subject of the chancery division case. It also noted that plaintiffs' attempt to file these same counts in the form of a counterclaim in the chancery division case was denied by that court.

¶ 7        Plaintiffs filed a motion to reconsider arguing that no motion had been pending before the court and that the motion had been previously denied. The court denied the motion to reconsider. While recognizing that the motion had indeed been previously denied, it explained that the claims involved the same parties and cause as the chancery matter, which had already concluded via trial. It found that the matter arose from the same cause and included the same parties because "[t]he controversy in Amit Emroski versus Alba and Sakiri involves the same contract and parties at issue in this matter before this Court, with the exception that defendant Alba's president, Zaim Sakiri, has been named personally as defendant." Further, the court stated, "In the Court's view, it's the same case that was already tried, and Judge Gibson has already ruled on the issues in the case and, in fact, entered judgment on the case." It therefore found *res judicata* required that it grant the motion to dismiss.

¶ 8        Plaintiffs now appeal this decision.

¶ 9                                        II. ANALYSIS

¶ 10      On appeal, plaintiffs argue that the circuit court incorrectly granted Sakiri's motion to dismiss. Specifically, they contend the court could not rule on the motion because it had already been denied by a different judge and another motion was not pending before it. Alternatively, they assert that granting the motion would still be improper even if it had been pending as these actions were not between the same parties and/or did not arise from the same cause. Their argument here is twofold: first, they contend that the chancery case was no longer a pending matter for which section 2-619(a)(3) would allow dismissal of this matter; second, they argue that the cause of action and parties in the chancery division case were not the same.

¶ 11      Sakiri's motion to dismiss was filed pursuant to section 2-619(a)(3)of the Code. *Id.* Section 2-619(a)(3) provides that:

> "Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:
>
> * * *
>
> (3) That there is another action pending between the same parties for the same cause." *Id.*

Dismissals under this section are meant to be "a procedural device designed to avoid duplicative litigation." *Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 852 (2010). Accordingly, relief is not mandatory. *Crain v. Lucent Technologies, Inc.*, 317 Ill. App. 3d 486, 495 (2000). We thus consider a circuit court's dismissal pursuant to this section for an abuse of discretion and will only reverse if the ruling is arbitrary or unreasonable. *Taylor v. Huntley*, 2020 IL App (3d) 180195, ¶ 11.

¶ 12     Plaintiffs primarily argue that the court acted improperly when it ignored the ruling of the chancery division. Plaintiffs contend first that the court could not dismiss the case when no motion was pending before it, and second that the court could not act contrary to another judge's decision to deny the motion to dismiss.

¶ 13     Turning to the issue at hand, we are mindful that, between the two matters, multiple judges have made several rulings. When situations such as this arise, the circuit court has the power to modify or vacate an interlocutory order any time prior to final judgment. *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 213-14 (1988). "In a variety of contexts, *** an interlocutory order may be reviewed, modified or vacated at any time before final judgment, and it is of no consequence that the original order was entered by another circuit judge." *Balciunas v. Duff*, 94 Ill. 2d 176, 185 (1983); *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 121 (1978); *Shaw v. Dorris*, 290 Ill. 196, 204 (1919) ("At any time before the entering of *** final judgment the whole record is before the court, and an erroneous ruling theretofore made may be set aside and the error corrected.").

¶ 14     "[A] judge acts within the bounds of his or her authority when reconsidering a prior ruling in the same case by a different judge, so long as the record lacks evidence of bad faith or 'judge shopping' by the movant seeking reconsideration." *Swain v. City of Chicago*, 2014 IL App (1st) 122769, ¶ 10. There is no evidence here that Sakiri acted in bad faith. While Sakiri incorrectly represented that the motion to dismiss was never decided, we note that confusion may have arisen given that Sakiri's motion included a caption for the incorrect case and both cases were heard on the same day. We therefore find no bad faith. Nor do we find that Sakiri acted in a way that could be considered judge shopping. The court *sua sponte* severed this matter from the chancery case and reassigned it to a different judge. Given the lack of evidence of bad faith or "judge shopping," the circuit court's dismissal of plaintiffs' complaint was not procedurally improper.

¶ 15    While plaintiffs argue that the court may not entertain a motion to dismiss that was not pending before it, they offer no authority for their assertion that the court is restricted in such a manner. Indeed, courts have the inherent power to amend and revise interlocutory orders at any time before final judgment. *Towns*, 73 Ill. 2d at 120. This inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own dockets so as to achieve the orderly and expeditious disposition of cases." *Nicholson v. Chicago Bar Ass'n*, 233 Ill. App. 3d 1040, 1045 (1992); *Rhodes v. Mill Race Inn, Inc.*, 126 Ill. App. 3d 1024, 1028 (1984) (finding that it was not improper for the circuit court to dismiss an action on its own motion when a fundamental defect is present in the pleadings). Accordingly, we find plaintiffs' argument that there was no motion pending to allow the court to dismiss the matter unpersuasive.

¶ 16    Although defense counsel erred in advising the court that the motion to dismiss had not been previously ruled upon and denied, plaintiffs had ample notice that the motion would be reheard. The November 17, 2024, order setting the hearing on the motion to dismiss granted plaintiffs until December 6, 2024, to file a sur-response. The December 5, 2024, letter from plaintiffs' counsel to the court attached as Exhibit "E" to plaintiffs' February 4, 2025, motion for reconsideration of the court's January 15, 2025, order pursuant to section 2-1203 of the Code establishes that plaintiffs opted to not file a sur-response. See 735 ILCS 5/2-1203 (West 2024). Lastly, we note the circuit court acknowledged at the hearing on the motion for reconsideration that the motion had been previously ruled upon and denied. It nonetheless granted the motion, finding that the final judgment entered in the chancery case served as *res judicata* to bar the law division case. As noted below, it was free to do so. While this case does not present a paradigm of procedural precision, any departures do not dictate a contrary result.

¶ 17    Likewise, we are unpersuaded by plaintiffs' contention that the court could not dismiss the case because the chancery division case was no longer pending. While plaintiffs are correct that a motion to dismiss pursuant to section 2-619(a)(3) of the Code requires that the second cause of action is still pending, Sakiri raised, and the court considered, the theory of *res judicata*, provided under section 2-619(a)(4) of the Code, to support dismissal. *Res judicata* requires a final judgment on the merits between the same parties regarding the same cause of action. *Piagentini v. Ford Motor Co.*, 387 Ill. App. 3d 887, 890 (2009). It is clear that the chancery division case concluded with a final judgment order following a trial. We therefore turn to plaintiffs' final argument that the two causes do not involve the same claims or parties to determine whether *res judicata* applies.

¶ 18    The chancery division matter revolved around a dispute between Alba and Amit Emroski regarding a mechanic's lien; whereas, in the present case, the parties involved were the Emroskis, their business, and Sakiri individually regarding his personal conduct that was allegedly fraudulent and created a breach of contract. Although not the same claims, the causes may be considered the same if grounded in the same facts or transaction. We consider whether the causes of action "arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998). "[T]he crucial inquiry is whether the relief requested is on substantially the same set of facts, not whether the legal theory, issues, burden of proof or relief sought differ between the two actions." *Bank of Northern Illinois v. Nugent*, 223 Ill. App. 3d 1, 14 (1991). The circuit court found that the dispute arose out of the same transaction as the mechanic's lien claim, with the only difference being that Sakiri had been named individually instead of naming his company, Alba, as a party. We agree.

¶ 19    Alba's chancery division case was an action to foreclose on a mechanic's lien for the work performed on plaintiffs' property. Plaintiffs' first amended complaint in this case raised the

7

following allegations against Sakiri: (1) fraud for overstating his lien claim on the construction project, (2) slander of title for filing the lien against plaintiffs' property, and (3) consumer fraud related to the representations as to the integrity of the building. All three counts of plaintiffs' complaint clearly arise from the same contract and group of operative facts as Alba's chancery complaint. Plaintiffs challenge the sufficiency of the lien and Sakiri's actions in recording the lien against their property. There is no way to separate the facts leading to Alba filing the mechanic's lien with the facts causing plaintiffs to accuse Sakiri of overstating the lien. Each cause of action arises from the same set of facts, evidence, and witnesses.

¶ 20        Last, we consider plaintiffs' contention that the same parties are not included in each action. There is no requirement that the same set of parties must be involved for *res judicata* to apply. Rather, instead of *identity* of the parties, this element focuses on the *interests* of the parties. *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 296 (1992) ("It is the identity of interest that controls in determining privity, not the nominal identity of the parties."). For *res judicata* purposes, the party in any subsequent matter must be in privity with a party in the initial lawsuit. *Agolf, LLC v. Village of Arlington Heights*, 409 Ill. App. 3d 211, 220 (2011). Privity exists when the parties "adequately represent the same legal interests." *Progressive Land Developers, Inc.*, 151 Ill. 2d at 296. A party may be bound by the prior lawsuit if the interests "are so closely aligned to those of a party" in the prior lawsuit that the party is essentially represented by the party of the first lawsuit. *Purmal v. Robert N. Wadington and Associates*, 354 Ill. App. 3d 715, 723 (2004).

¶ 21        Plaintiffs claim that because Alba is not a party to the instant case which names only Sakiri in an individual capacity, the same parties are not involved and *res judicata* would not apply. However, we fail to see how Sakiri's interests, as the president of Alba, can be different

8

than Alba's interests in the chancery division case. Both Sakiri and Alba desire the same result in both lawsuits because they stand to experience the same gain or loss from each suit, regardless of whether they are actually named as a party in it. Alba's and Sakiri's interests in protecting and enforcing the lien on plaintiffs' property are the same; therefore the plaintiffs' interests herein were adequately represented by Amit in the chancery matter. We thus conclude that the parties are in privity, and all elements of *res judicata* are met.

¶ 22 Moreover, the first amended complaint is fraught with imperfections not subject to correction. Count I asserts a claim of "constructive fraud" against Sakiri in that he, as a lien claimant, filed an overstated mechanic's lien in violation of sections 60/17(c) and (d) of the Mechanic's Lien Act. 770 ILCS 60/17(c), (d) (West 2024). Count II purports to make a claim for slander of title in that Sakiri is alleged to have recorded the same allegedly inflated lien. The first amended complaint attaches the same contract as that in the adjudicated chancery matter between Amit as "owner" and Alba as "contractor." Thus, Sakiri, although principal of Alba, was not a lien claimant himself under the Act, and counts I and II fail to account for that distinction.

¶ 23 In sum, the circuit court acted within its inherent authority to correct erroneous interlocutory orders related to the case before it. Further, all elements of *res judicata* are satisfied. Accordingly, we find no error in the court's dismissal of this matter.

¶ 24 III. CONCLUSION

¶ 25 The judgment of the circuit court of Du Page County is affirmed.

¶ 26 Affirmed.